D'Alfonso, et ux. *v.* Department of Transportation.

Argued February 24, 1972, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Nick D'Alfonso,* for himself.

*David A. Johnston, Jr.,* Assistant Attorney General, for appellee.

Opinion by Judge Crumlish, Jr., May 5, 1972:

This is an appeal from an order of the Court of Common Pleas of Beaver County, sitting *en banc*, affirming the trial judge's exclusion of certain evidence from jury consideration in a land condemnation case.

On February 14, 1968, the Pennsylvania Department of Highways filed a Declaration of Taking whereby it acquired 2.10 acres of land owned by appellants. A Board of View subsequently awarded them $23,000.00 as just compensation. The Commonwealth appealed and at the ensuing trial, the jury returned a verdict in the amount of $24,500.00. At the trial the owners unsuccessfully sought to introduce evidence of consideration previously paid for two smaller parcels which were carved out of the tract which originally included the present 2.10 acres. Appellants asserted as error in the Motion for the New Trial (1) the inadequacy of the verdict, and (2) the exclusion of consideration evidence relating to the partial sale of the original tract. This motion was denied. Hence this appeal.

We hold that the lower court must be affirmed. Whether to grant a motion for a new trial is purely discretionary. "[A] court's action in granting or refusing such a motion will not be reversed in the absence of a manifest abuse of discretion or a clear error of law." *Felix v. Baldwin-Whitehall School District,* 5 Pa. Commonwealth Ct. 183,      A. 2d      (1972).

The owners, and their real estate expert, testified to damages in the amount of $55,000.00. The Commonwealth's expert testified that damages in the amount of $13,600 were sustained. The credibility of these witnesses was a matter for the jury to determine. The award of the Board of Viewers was merely $1,500 less than the verdict, and the award of the Board of Viewers is something that may be considered in reviewing the verdict of the jury. *McConn v. Commonwealth Dept.*

*of Highways,* 431 Pa. 574, 246 A. 2d 677 (1968); *Chiorazzi v. Commonwealth,* 411 Pa. 397, 192 A. 2d 400 (1963). It is patently frivolous for us to hold that the trial court abused its discretion in finding that the jury's verdict was adequate. See *Felix, supra.*

The owners offered and had received into evidence a plan for a subdivision of the property. The deeds of two of the lots in the subdivision containing the consideration to be paid for them were also offered but not admitted by the court. Appellants argue that the exclusion of this evidence also constitutes an abuse of discretion. We do not agree.

In *Rothman v. Commonwealth,* 406 Pa. 376, 378, 178 A. 2d 605 (1962), it was stated: "The property owner is not allowed to claim as damages the profits he might have gathered had he been able to effectuate some imaginary project for financial bonanza." As stated in *Felix, supra,* "the law of this Commonwealth is that the property must be valued as a whole, and not with respect to conjecture concerning the division of the tract into lots. Pennsylvania Schuylkill Valley Railroad v. Cleary, 125 Pa. 442, 452, 17 A. 468, 470 (1889); Rothenberger v. Reading, 296 Pa. 423, 146 A. 104 (1929); F. M. Kerstetter, Inc. v. Commonwealth, 404 Pa. 168, 171 A. 2d 163 (1961)." Furthermore, as stated in *Rothman, supra* at 381, in approving a charge to the jury, ". . . you must value this property as a whole, and not with respect to lots, or laying out of lots, or multiplication of them. . . ."

With such mandates in hand, we cannot and do not find an abuse of discretion in excluding the contested testimony. Order affirmed.