Commonwealth of Pennsylvania, Pennsylvania Game Commission v. Edward C. Benek and Margaret M. Benek, Appellants.

134

Argued May 6, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Leo M. Stepanian*, with him *Brydon & Stepanian*; *Lee C. McCandless;* and *McCandless, Krizner & Kemper*, for appellants.

*Richard L. McCandless*, with him *Coulter, Gilchrist, Dillon & McCandless*, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 12, 1977:
Edward C. Benek and Margaret M. Benek, his wife (Beneks) have appealed a verdict (with no entry

of judgment) from that portion of a bifurcated eminent domain proceeding which adjudged that there had been no de facto taking of mineral rights below surface lands condemned by the Pennsylvania Game Commission (Commission).

On July 13, 1967, Commission filed a declaration of taking against Beneks condemning "the surface only" of a 241.4-acre tract of land located in Washington and Concord Townships, Butler County, Pennsylvania, despite the fact that the resolution of the Commission authorized the taking of a "fee simple." On November 1, 1967, proof of service on Beneks was filed showing both were served with a copy of the declaration of taking by certified mail, return receipt, on October 24, 1967. It is disputed whether Beneks also received notice that they had 30 days to file preliminary objections to the declaration of taking as is required by the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-405. Within a week of said service, Beneks retained counsel in the case. On December 12, 1967, there having been no preliminary objections filed, the Commission filed a petition for appointment of a board of view which was thereafter duly appointed. A view and hearing were held with Beneks being represented by counsel. From a report of the board of view filed January 10, 1969, Beneks filed an appeal on January 22, 1969, "for the reason that the award of said viewers for the damages of reconstruction, relocation and improvement is insufficient and inadequate." No preliminary objections have ever been filed by Beneks in this case.

The Commission filed a petition for rule to show cause why a writ of possession should not issue against Beneks for the premises on March 23, 1971, and in answer to the rule, Beneks, for the first time, raised the issue of the validity of the taking based upon the

discrepancy between the resolution authorizing the condemnation and the declaration of taking. After several pre-trial conferences and filing of briefs, the court below held on May 10, 1973, that Beneks waived their right to object to the validity of the taking by failing to file preliminary objections under Section 406 of the Code, 26 P.S. §1-406. However, the court further held that Beneks at trial had the right to prove the taking of the surface rendered the coal inaccessible and, if proven, the condemnees could be compensated as if the coal had also been taken. It was further held that a non-jury trial was proper since Beneks had failed to request a jury trial.

Beneks also raised the issue of the legal sufficiency of the notice they had received in 1967, but after an evidentiary hearing, by order of the court dated August 5, 1974, the issue of the legality of notice was dismissed. No appeal was taken from the orders of May 10, 1973 and August 5, 1974. A trial was then held at which time evidence was presented solely on the issue of a de facto taking of the subsurface minerals.

Following hearing on the de facto taking phase of the trial, the court below entered a verdict stating that no de facto taking of subsurface mineral rights had occurred. The court further ordered the trial to proceed on the issue of the adequacy of compensation for the surface taking, which appeal had been taken on January 22, 1969.

Beneks have raised three issues in this appeal. The first one relates to the alleged failure of the Commission to comply with the notice requirements of the Code. It is, in effect, an appeal from the order and decision of August 5, 1974. The second relates to the discrepancy between the estate in land authorized to be condemned by the Resolution of Condemnation and the lesser estate actually taken by the Declaration of

Taking. It is an appeal from the order and decision of May 10, 1973. The final issue is whether the decision of the court holding that there was no de facto taking of the minerals under the property was supported by any competent evidence.

We need not decide the first two issues presented by Beneks because they are effectively the appeals from the orders of May 10, 1973 and August 5, 1974. If these orders were final orders, the time during which appeals may be taken has long since expired. If they were not final orders, their appeal is now untimely and they may be appealed after final judgment is entered.

As to whether the decision of the court below was against the clear weight of the evidence, we must first note the extent of our scope of review. Our scope of review in appeals of this nature is limited to a determination of whether or not the trial court committed a manifest abuse of discretion or error of law and whether or not the verdict is against the clear weight of the evidence or the judicial process has worked a serious injustice upon the appealing party. *Patterson v. County of Allegheny*, 15 Pa. Commonwealth Ct. 228, 231, 325 A.2d 484, 486 (1974). After a careful examination of the record, it is clear that the decision of the court below was amply supported by competent evidence. Beneks and the Commission presented conflicting testimony on whether there had been a de facto taking of the subsurface mineral rights. "[I]t is within the province of the trial judge, acting as a jury, to resolve conflicts in this testimony and to weigh the credibility of the respective witnesses in determining the damages suffered by the condemnee. . . ." *Patterson v. County of Allegheny, supra*, 15 Pa. Commonwealth Ct. at 234, 325 A.2d at 487.

The trial judge also viewed the property and "thus could base its verdict upon its own judgment of the

value of the property." *Patterson v. County of Allegheny, supra,* 15 Pa. Commonwealth Ct. at 234, 325 A.2d at 487. Section 703 of the Code, 26 P.S. §1-703.

Accordingly, we

ORDER

AND Now, this 12th day of October, 1977, the order of the Court of Common Pleas of Butler County is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.