Harborcreek Township, Appellant *v.* Fred H. Ring and Nell K. Ring, His Wife, Appellees.

Submitted on briefs December 5, 1979, before Judges WILKINSON, JR., BLATT and CRAIG, sitting as a panel of three.

*Eugene J. Brew, Jr.,* with him *Dale and Brew,* for appellant.

*Michael E. Dunlavey,* for appellees.

OPINION BY JUDGE WILKINSON, JR., January 17, 1980:

Alleging a "de facto" taking, the appellees commenced this litigation with a Petition for the Appointment of a Board of Viewers filed pursuant to Section 502(e) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-502(e). The appellees are the owners of a property which is known as Shorewood Inn in Harborcreek Township (Township) and which extends to the shore-

line of Lake Erie. In the summer of 1977 the Township extended the road to the lake and installed a boat ramp where the extension of the road met the lake shore. On each side of the boat ramp the Township erected a breakwall. The boat ramp and the breakwalls were formed by laying long concrete slabs adjacent to one another.

The Township filed preliminary objections positing the failure to state a cause of action and challenging the allegation of a taking. After a series of depositions and a court-conducted view of the property, the Court of Common Pleas of Erie County found that there had been a de facto taking of the appellee's property and dismissed the Township's preliminary objections to the Petition. This appeal followed.

When confronted with a petition for appointment of viewers alleging a de facto taking to which a preliminary objection in the nature of a demurrer is filed, the lower court must first decide whether as a matter of law the averments of the petition, taken as true, are sufficient to state a cause of action of a de facto taking. If not, the preliminary objections must be sustained and the petition dismissed or the petitioner allowed to amend his pleading. If the averments, taken as true, might establish a de facto taking, the lower court must take evidence by deposition or otherwise so that a judicial determination might be made. If the averments on their face establish a de facto taking, then the preliminary objections must be dismissed. *Petition of Ramsey*, 20 Pa. Commonwealth Ct. 207, 342 A.2d 124 (1975).

An order dismissing preliminary objections to a petition for the appointment of viewers alleging a de facto taking is a final and appealable order. *Sunbeam Coal Corp. v. Pennsylvania Game Commission*, 37 Pa. Commonwealth Ct. 469, 391 A.2d 29 (1978). The question now before this Court is whether there was sub-

stantial evidence to support the findings by the court of common pleas that there was a de facto taking.

A "de facto" taking occurs where "an entity, clothed with the power of eminent domain, exercises that power and the immediate, necessary, and unavoidable consequence of that exercise is to destroy, injure or damage private property so as to substantially deprive an owner of the beneficial use and enjoyment thereof," and just compensation must be paid. *Monaco v. Department of Transportation,* 26 Pa. Commonwealth Ct. 387, 391, 363 A.2d 857, 859 (1976). *See Greger v. Canton Township,* 41 Pa. Commonwealth Ct. 20, 399 A.2d 138 (1979).

The evidence for the consideration of the court below consisted of deposition testimony; exhibits including maps, surveys of the area, and entries from county deed books and road map books; and a court-conducted personal view of the property. Maps dating from the 1940's showed Shorewood Road extending to Lake Erie's shores. However, the Erie County Road Record Book indicated that Shorewood Road originally terminated near a sycamore tree above the shore of Lake Erie. Surveys also referred to the exact terminus of Shorewood Road as being at a sycamore tree near the lake waters. By deposition an area landowner who knew the area for approximately 70 years testified that the road extended to Lake Erie and that the public had used the road for 50 years to have access to the lake. One Township supervisor testified that all of the concrete slabs were installed in Lake Erie, while another supervisor testified on that point that the slabs extended into the water.

In an eminent domain proceeding the resolution of conflicts in the evidence is for the fact finder and not for the reviewing court. *Pennsylvania Game Commission v. Benek,* 32 Pa. Commonwealth Ct. 133, 378 A. 2d 497 (1977). Upon review of the record, we are satis-

fied that there was substantial evidence in the record to support the lower court's conclusions that the concrete slabs laid beyond the termination of Shorewood Road and to the sides of the extended roadway were placed on the appellees' property and that the installation of the concrete slabs and the consequent use of appellees' property by vehicles constitute a taking.

Accordingly, we will enter the following

ORDER

AND Now, January 17, 1980, the order of the Court of Common Pleas of Erie County, docketed at No. 4007-A-1977, dated October 31, 1978, dismissing preliminary objections filed by Harborcreek Township, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DISALLE.