Clean Community Association, Inc., Appellant *v.* Port Authority Transit of Allegheny County, Appellee.

Argued May 3, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Gary Kalmeyer, Kalmeyer and Kalmeyer,* for appellant.

*James T. Collie, Jr.,* with him *Dennis L. Veraldi, Ruffin, Hazlett, Snyder, Brown & Stabile,* for appellee.

OPINION BY JUDGE CRAIG, June 8, 1982:

In this case involving the Eminent Domain Code,[1] the Clean Community Association, Inc. (CCA) has appealed from an order of the Common Pleas Court of Allegheny County dismissing CCA's petition for the appointment of viewers under Section 502(e), 26 P.S. §1-502(e), averring a de facto taking by the Port Authority of Allegheny County of property in which CCA alleged a tenancy interest.

Pursuant to preliminary objections filed by the Port Authority, there was no hearing to receive evidence, but at argument the Port Authority presented certain documents purporting to be (1) a license of April 4, 1966 for the property from the Pennsylvania Railroad Company to CCA, (2) a telegraphic request

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, §§101 *et seq.*, 26 P.S. §§1-101 *et seq.*

of CCA, dated March 29, 1968, asking that the "lease" be transferred to the City of Pittsburgh, and (3) an agreement, permit or license dated April 1, 1968 for the property from Penn Central Company, as successor to the Pennsylvania Railroad, to the City of Pittsburgh. The Port Authority represents that CCA, through its counsel, admitted to the authenticity of the foregoing documents in the course of the argument. The dismissal order indicates that the court accepted the Port Authority's position that CCA's possessory interest had been transferred to the City of Pittsburgh, in that the judge concluded that CCA was not a condemnee under the Eminent Domain Code.

On appeal, counsel for CCA, although apparently not disputing the authenticity of the three specific documents, contends that those documents are not conclusive of the matter; in part, CCA's position seems to be that only a portion of the property in question was covered by the documents mentioned. Counsel, who states that he is mindful of his obligations as an officer of the court,[2] thus presents a situation contrary to the apparent belief of the common pleas court judge, who understandably seems to have considered that all questions of fact had been resolved by admissions or stipulation.

Because we do not have the benefit of any findings or opinion in support of the order, as required by Pa. R.A.P. 1925, and because there is no record of evidence, as is required when there is a question of fact to be resolved upon preliminary objections to such a petition, *Harborcreek Township v. Ring,* 48 Pa. Commonwealth Ct. 542, 544, 410 A.2d 917, 918 (1980), this

---

[2] The common pleas court, and this court as well, would be entitled to take a serious and critical view of the professional conduct of any counsel who proceeded, without explanation, to disown upon appeal a stipulation previously adopted in open court.

court is in no position to resolve the conflicting factual claims.

Therefore, we must vacate the order and remand this case with a direction that evidence be taken by hearing, depositions or otherwise, so that there may be a record suitable for determining whether or not there has been a de facto taking of property as to which CCA has the status of condemnee.

### Order

Now, June 8, 1982, the order of the Court of Common Pleas of Allegheny County dated February 10, 1981 is vacated, and this case is remanded for further proceedings in accordance with the foregoing opinion.