Gerard Bilardi and Elizabeth Bilardi, his wife, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued April 9, 1985, before Judges ROGERS, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Peter Comerota,* for appellants.

*John V. Rovinsky,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE ROGERS, May 14, 1985:

Gerard Bilardi and Elizabeth, his wife, (appellants), the owners of property in Lackawanna County fronting on a state highway, filed a petition for the appointment of viewers pursuant to Section 502(e) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-502(e), alleging that the Department of Transportation (DOT) had de facto appropriated their property by digging a drainage ditch on it. DOT filed preliminary objections and the court of common pleas, after a hearing, sustained the objections and dismissed the petition on the basis of findings that the appellants had not shown exceptional circumstances which substantially deprived them of the beneficial use and enjoyment of their property and that indeed any damages suffered by the appellants "may have been attributed to their own acts of installing an 18 inch drainage pipe and the diversion of water from a natural swale on their land." The appellants have appealed the court's order.

Section 502(e) of the Code provides that "[i]f there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for appointment of viewers. . . ." Section 502(e) codifies the concept of de facto taking, defined in the cases as the result obtain-

ing "when the entity clothed with the power of eminent domain substantially deprives an owner of the beneficial use and enjoyment of his property." *Conroy-Prugh Glass Co. v. Commonwealth,* 456 Pa. 384, 388, 321 A.2d 598, 599 (1974); *Greger v. Canton Township,* 41 Pa. Commonwealth Ct. 20, 24, 399 A.2d 138, 139 (1979).

The undisputed evidence in this case was to the effect that the appellants purchased an unimproved tract of land fronting a state highway in 1974. At the time of purchase, surface water from an adjoining property flowed in a natural swale across the land at the location chosen by the appellants as the site for their dwelling house. Water also flowed from the opposite side of the highway through a 15-inch pipe earlier installed by DOT to a ditch on the appellants' side of the road and thence in the ditch along the roadside to lower elevations. Mr. Bilardi testified that he filled in the natural swale carrying the water from the adjoining land in order to divert the water from the home site. He also testified, however, that the water continued to flow in the direction of the appellants' house after it was completed.

The testimony concerning DOT's activities or absence thereof is conflicting. Mr. Bilardi testified that he consulted DOT personnel concerning the flow of surface water from the neighbor's land toward the house and that DOT employees brought a backhoe to his property and constructed a ditch in the location of the swale directing the water from the neighbor's land to the highway; and that the DOT personnel advised him to place an 18-inch pipe in the ditch, which he did, with the result that the flow of water from DOT's 15-inch pipe and his 18-inch pipe combined in such quantity and force as to create a deeper ditch along the highway and to uproot small trees and erode a portion of his land downstream from his house.

By deposition, a DOT assistant engineer, prominently mentioned by Mr. Bilardi as a DOT employee with whom he discussed his problems, denied that DOT personnel had ever entered Bilardi's property, constructed a ditch, or advised him in any fashion, including the placement of the 18-inch pipe. Both parties introduced photographs into the record. Some of these show a quantity of water in a ditch flowing along the highway in front of the Bilardis' house and under their driveway; others are close-ups indicating erosion of soil at points downstream from the house.

The trial judge wrote that he was not required to resolve the conflicting testimony concerning DOT's activities, or the lack thereof, because the appellants had failed to establish exceptional circumstances which substantially deprived them of the use and enjoyment of their property. The evidence clearly supports this finding. The photographs show the home site intact, the driveway in place and water flowing in a ditch along the highway. The trial judge also found that such water damage as had been sustained, that is, the washing away of small trees and erosion, could be attributed to the appellants' acts of diverting the surface water from the neighbor's property from the location of the natural swale and installing the 18-inch pipe conducting the water to the roadside ditch. This finding is supported by evidence to this effect adduced by DOT.

We also observe that the gravamen of the appellants' case is that DOT in response to their request for assistance negligently installed a drainage ditch and wrongly advised them to install a pipe conducting additional water to the roadside. These claims sound in trespass. In *Lizza v. Uniontown City*, 345 Pa. 363, 367-368, 28 A.2d 916, 919 (1942), a case much similar on the facts, the Supreme Court wrote "[i]t has long been settled that in this form of proceeding [petition for

viewers] damages may not be assessed for harms that result from negligence. Such injuries . . . must be re-dressed in an action of trespass brought against the party responsible for the negligent act or omission.''

Order affirmed.

### ORDER

AND Now, this 14th day of May, 1985, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is affirmed.