511 A.2d 270

Petition of Burgess Blackburn and Helen V. Blackburn, his wife, for the Appointment of Viewers To Assess the Just Compensation Due Petitioners Arising From the De Facto Taking of Their Property in Indiana Township, County of Allegheny, Pennsylvania, by Deer Creek Drainage Basin Authority. Burgess Blackburn and Helen V. Blackburn, his wife, Appellants.

Argued March 14, 1986, before Judge CRAIG, and Senior Judges BLATT and KALISH, sitting as a panel of three.

*John B. Barbour,* for appellants.

*David E. Johnson, Tarasi, Tighe, Tierney & Johnson, P.C.,* for appellee.

OPINION BY SENIOR JUDGE KALISH, June 24, 1986:

Burgess and Helen Blackburn (appellants) appeal the order of the Common Pleas Court of Allegheny County which sustained the preliminary objections in the form of a demurrer of Deer Creek Drainage Authority (Authority), and dismissed appellants' petition for the appointment of viewers. We affirm.

Appellants filed a petition for appointment of viewers pursuant to Section 502(e) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P. S. §1-502(e). The petition alleged that the Authority installed a sewer line over appellants' property without any authority, and with no declaration of taking. The trial court took testimony and found that the township had hired an en-

gineering firm to perform studies for the acquisition of lands and rights of way for a sewer system. The contract was subsequently assigned to the Authority. It also appears that although the original design of the sewer system did not include the construction of any sewer lines over appellants' property, a portion of the system was in fact constructed over appellants' property. The court found that it was done by error and that the Authority had no knowledge of it.

Although the precise nature of appellants' objection is unclear, it does appear that they misconstrue the nature of a preliminary objection where a *de facto* taking is alleged. Local rules of court and cases not arising under the Code are not controlling. A preliminary objection in a *de facto* taking serves a broader purpose than the preliminary objection set forth in Pa. R.C.P. No. 1017(b)(4). In an ordinary civil action where a preliminary objection in the nature of a demurrer is overruled, the defendant is given leave to file an answer. In a *de facto* proceeding where preliminary objection in the form of a demurrer is filed, the court must decide whether the averments as a matter of law state a cause of action. If not, the objection will be sustained and the petition will be dismissed. This is considered a final and appealable order, and the only remedy is an appeal, since the issue involved is whether there has been a taking. The issue of damages is not involved at this point.

If the petition might establish a taking, that is, it is not clear as a matter of law, but factual issues are involved, then the trial court *must* hold an evidentiary hearing and make a judicial determination. *Harborcreek Township v. Ring*, 48 Pa. Commonwealth Ct. 542, 410 A.2d 917 (1980); *Rawls v. Central Bucks Joint School Building Authority*, 8 Pa. Commonwealth Ct. 491, 303 A.2d 863 (1973). The Authority employed the

appropriate form of pleading and the court held an evidentiary hearing before reaching its decision to sustain the objections.

Our scope of review where the trial court has sustained preliminary objections to a petition for appointment of viewers is limited to determining whether findings are supported by competent evidence or an error of law was committed. *Merrick Appeal,* 68 Pa. Commonwealth Ct. 506, 449 A.2d 820 (1982).

This court has previously held that a landowner can seek damages in a *de facto* taking only where the landowner's damages are the result of the actions of an entity clothed with the power of eminent domain. Where the actual intrusion is the result of actions of an independent contractor, the landowner must prove that the contractor's actions were either authorized or directed by the entity clothed with the power of eminent domain to proceed under the Code. *Deets v. Mountaintop Area Joint Sanitary Authority,* 84 Pa. Commonwealth Ct. 300, 479 A.2d 49 (1984).

The trial court found that the evidence of knowledge of the activities of the contractor by the Authority was conflicting. The Blackburns testified that they saw the business manager of the Authority on the premises while the work progressed. The manager denied this. He testified that he appeared after the work was finished. It appears that this testimony was corroborated by two police officers in affidavits that were submitted after the close of testimony. Appellants urge the consideration of these affidavits after the close of testimony as error. The trial court found that the Authority's testimony was credible. It is supported by substantial evidence in the record.

The appellants had the burden of proving the authorization by the Authority of the incorrect placement of the sewer line, which it failed to meet. *Deets.* It

would be an unreasonable and unnatural inference to conclude that the Authority authorized such conduct by the independent contractor from the presence on the premises of the manager after the work was completed.

The admission of the affidavits after the hearing was harmless error. It merely corroborated the presence of the manager after the work was completed. We therefore affirm.

### ORDER

NOW, June 24, 1986, the order of the Court of Common Pleas of Allegheny County, No. GD 82-17650, dated September 5, 1984, is affirmed.