514 A.2d 268

Borough of Barnesboro, a municipal corporation, Appellant *v.* Reginald L. Pawlowski, Appellee.

Submitted on briefs May 14, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Vasil Fisanick,* with him, *Christian A. Fisanick,* for appellant.

No appearance for appellee.

OPINION BY JUDGE PALLADINO, August 22, 1986:

This is an appeal from an order of the Court of Common Pleas of Cambria County (trial court) dismissing preliminary objections of the Borough of Barnesboro (Barnesboro) to a petition for the appointment of viewers. The petition was filed by Reginald L. Pawlowski (Pawlowski) as trustee of a trust which, he avers, held title to the subject property on behalf of Reginald L. Pawlowski and Loretta Pawlowski, husband and wife. For the reasons which follow, we vacate the order of the trial court and remand the case for further proceedings.

Pawlowski filed a petition for appointment of viewers pursuant to Section 502(e) of the Eminent Domain Code (Code)[1] on July 26, 1985. In the petition,

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-502(e).h11.5l13.5

Pawlowski characterizes Barnesboro as the "condemnor" and, in the first count, avers that the realty in question was taken by Barnesboro. In the second count, Pawlowski avers that Barnesboro intends to appropriate additional realty in the same manner as count one and without condemnation proceedings. Pawlowski claims title to the land in question by operation of law.[2]

On August 13, 1985, Barnesboro filed preliminary objections in the nature of a demurrer, seeking dismissal of the petition on the ground that it does not sufficiently allege a *de facto* taking. By order dated November 5, 1985, the trial court dismissed the preliminary objections and ordered the case to proceed "sec. leg."

On November 26, 1985, Barnesboro appealed the trial court's order to this Court. On appeal, Barnesboro alleges that the trial court should have sustained its pre-

---

[2] *See* Section 1724 of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. 46724. In pertinent part, this section states:

> Whenever any street shall have been laid out and shall not have been opened to, or used by the public for a period of twenty-one years, such street shall not thereafter be opened without the consent of at least fifty-one percent of the number of owners of the abutting real estate and without the consent of the owners of at least fifty-one percent of the property abutting such street, based on a front foot basis.

*See also Borough of Lehighton v. Katz,* 75 Pa. Commonwealth Ct. 388, 462 A.2d 889 (1983) (Interpreting Section 1724 to be analogous to its predecessor, the Act of May 9, 1889, P.L. 173, 36 P.S. §1961 which operated as a 21 year statute of limitations establishing a time period within which public acceptance of a dedication must occur. This opinion also differentiates between deeds which convey title to the bed of the street, to which the Act would be inapplicable, and deeds of dedication which grant the Borough the right to use, maintain and control the land as a street for the benefit of the public.).

liminary objections because the petition did not plead facts sufficient to allege a *de facto* taking and that an evidentiary hearing should have been conducted by the trial court prior to the dismissal of the objections in order to determine whether a *de facto* taking had occurred.[3]

It is well settled that preliminary objections are the sole method under the Eminent Domain Code for raising legal and factual objections to a petition for appointment of viewers alleging a *de facto* taking. *Holmes Protection of Pittsburgh, Inc. v. Port Authority of Allegheny County,* 90 Pa. Commonwealth Ct. 342, 495 A.2d 630 (1985), *City of Pittsburgh v. Haffner,* 80 Pa. Commonwealth Ct. 53, 471 A.2d 116 (1984). *See* 26 P.S. §1-406(a).

> When confronted with a petition for appointment of viewers alleging a *de facto* taking to which a preliminary objection in the nature of a demurrer is filed, the lower court must first decide whether as a matter of law the averments of the petition, taken as true, are sufficient to state a cause of action of a *de facto* taking. If not, the preliminary objections must be sustained and

---

[3] The Commonwealth Court has exclusive jurisdiction of appeals from final orders of the courts of common pleas in eminent domain proceedings. 42 Pa. C. S. §762(a)(6). An order dismissing preliminary objections to a petition for appointment of viewers alleging a *de facto* taking is a final and appealable order. *City of Pittsburgh v. Haffner,* 80 Pa. Commonwealth Ct. 53, 471 A.2d 116 (1984); *Harborcreek Township v. Ring,* 48 Pa. Commonwealth Ct. 542, 410 A.2d 917 (1980); *Sunbeam Coal Corp. v. Pennsylvania Game Commission,* 37 Pa. Commonwealth Ct. 469, 391 A.2d 29 (1978). Where the trial court has dismissed preliminary objections to a petition for an appointment of viewers, our scope of review is limited to a determination of whether the court abused its discretion or committed an error of law. *McCracken v. City of Philadelphia,* 69 Pa. Commonwealth Ct. 492, 451 A.2d 1046 (1982).

the petition dismissed or the petitioner allowed to amend his pleading. If the averments, taken as true, *might* establish a *de facto* taking, the lower court must take evidence by deposition or otherwise so that a judicial determination might be made. If the averments on their face establish a *de facto* taking, then the preliminary objections must be dismissed.

*Harborcreek Township v. Ring,* 48 Pa. Commonwealth Ct. 542, 544, 410 A.2d 917, 918 (1980) (emphasis added).

Because the trial court's opinion does not set out the reasons for dismissing the preliminary objections, our review of this case is somewhat hampered. However, the trial court's dismissal of Barnesboro's preliminary objection, that a *de facto* taking occurred, and the trial court's order to proceed coupled with Barnesboro's appeal of the evidentiary hearing issue lead us to the conclusion that the trial court ruled, as a matter of law, that the petition on its face established a *de facto* taking. We cannot agree.

A *de facto* taking is defined in the following manner: [W]here an entity, clothed with the power of eminent domain, exercises that power and the immediate, necessary, and unavoidable consequence of that exercise is to destroy, injure or damage private property so as to substantially deprive an owner of the beneficial use and enjoyment thereof, [a] . . . '*de facto*' taking of said property has occurred and just compensation must be paid.

*Monaco v. Pennsylvania Department of Transportation,* 26 Pa. Commonwealth Ct. 387, 391, 363 A.2d 857, 859 (1976).[4]

---

[4] Section 502(e) of the Code codifies the concept of a *de facto* taking. *Bilardi v. Pennsylvania Department of Transportation,* 89

> In count one, the petition avers that:
> such realty was taken by defendant on 10 August 1983, at about 10:30 a.m., and is the area between plaintiff's lots Nos. 18 and 31, and one-half of the area between plaintiff's lot No. 25, and that of lot No. 24 as well as the area intersected by Beech Beech [sic] Street and Martha (now 9th) Street . . . , being Plan of Lots, Bougher Addition to Barnesboro, of October 19, 1915.

In the second count, Pawlowski avers that Barnesboro intends "to appropriate a forty (40) foot wide area shown as Beech Street on Exhibit A, in the same manner as the realty in the First Count, without the process of condemnation proceedings as provided for by law."

In the petition, Pawlowski fails to set forth what action Barnesboro took which would constitute an exercise of its eminent domain power. Nor does he plead facts which, if taken as true, would establish the nature and extent of the injury suffered. Pawlowski's petition merely contains the legal conclusion that a taking occurred. Therefore, we hold that the trial court erred as a matter of law in finding that the petition, on its face, established a *de facto* taking.

Our review of the petition leads us to the conclusion that the averments in the petition *might* establish a *de facto* taking. Therefore, the trial court could not dismiss Barnesboro's preliminary objections without taking evidence, by deposition or otherwise, in order to allow a judicial determination of whether a *de facto* taking occurred. *Harborcreek Township v. Ring,* 48 Pa. Com-

Pa. Commonwealth Ct. 272, 492 A.2d 471 (1985). Section 502(e) provides: "If there has been a compensable injury suffered and no declaration of taking therefor has been filed, a condemnee may file a petition for the appointment of viewers . . . setting forth such injury."

monwealth Ct. at 544, 410 A.2d at 918. *See also Holmes Protection; City of Pittsburgh v. Haffner; Beluschok v. Peoples Natural Gas Co.,* 79 Pa. Commonwealth Ct. 540, 470 A.2d 196 (1984); *Department of Transportation v. Florek,* 71 Pa. Commonwealth Ct. 615, 455 A.2d 1263 (1983).

Accordingly, we conclude that the trial court erred as a matter of law in dismissing Barnesboro's preliminary objections. We remand the case to the trial court for the taking of evidence in order to determine whether a *de facto* taking occurred.

Finally, Barnesboro contends that count two of the petition to appoint viewers is unripe and speculative. This is a question of fact and should be raised on remand at the evidentiary hearing before the trial court.

### ORDER

AND NOW, August 22, 1986, the order of the Court of Common Pleas of Cambria County, No. 1985-1957, dated November 5, 1985, is vacated and the case is remanded for proceedings in accordance with the foregoing opinion. Jurisdiction relinquished.