537 A.2d 384

In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right-of-Way for Legislative Route 442, Section 129, in the Township of Manheim. John Corcoran and Madolyn Corcoran, Condemnees, Appellants.

Argued November 20, 1987, before Judges MAC-PHAIL and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Allan R. Crider*, with him, *William E. Haggerty, Morgan, Hallgren, Crosswell & Kane, P.C.*, for appellants.

*William J. Cressler*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Morey Myers*, General Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, February 11, 1988:

John J. and Madolyn C. Corcoran (Appellants) appeal from the order of the Court of Common Pleas of Lancaster County dismissing their preliminary objections to the Pennsylvania Department of Transportation's (DOT) Declaration of Taking. We affirm.

Appellants own property at 8 West Roseville Road in Manheim Township, Lancaster County, Pennsylvania, bounded on the east by Legislative Route 442 (L.R. 442), also known as Lititz Pike, and bounded on the north by Roseville Road. L.R. 442 is a State highway,

while Roseville Road is a township road. DOT filed a Declaration of Taking for portions of this property bordering each roadway in order to place continuous curbing around the intersection, for the purpose of making it safer. Appellants object only to the taking of property bordering Roseville Road, and not to the taking of property bordering L.R. 442.

Under Section 402(b)(2) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-402(b)(2), a declaration of taking must contain "[a] specific reference to the statute, article and section thereof under which the condemnation is authorized." DOT, in its Declaration of Taking, has cited Section 2003(e)(1) of The Administrative Code of 1929 (Code), Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §513(e)(1), as its authority for the condemnation, which in pertinent part provides that DOT shall have the power and its duty shall be:

> To acquire, by gift, purchase, condemnation or otherwise, land in fee simple or such lesser estate. or interest as it shall determine, in the name of the Commonwealth, for all transportation purposes, including marking, rebuilding, relocating, widening, reconstructing, repairing and maintaining State designated highways and other transportation facilities, and to erect on the land thus acquired such structures and facilities, including garages, storage sheds or other buildings, as shall be required for transportation purposes.

Appellants aver that Section 2003(e)(1) of the Code only gives DOT authority to take property to benefit "State designated highways" and that the taking of the property bordering Roseville Road is not authorized by that section because it is to benefit a township road. We disagree.

Section 1903 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1903, provides in pertinent part that "[w]ords and phrases shall be construed according to their . . . common and approved usage. . . ." It is clear to us that the common and approved usage of the phrase "*all* transportation purposes" means that if the purpose of the condemnation is in furtherance of DOT's responsibility to provide a fast, safe and efficient transportation system in the Commonwealth with due regard to public health and safety,[1] then DOT has the authority and the duty to proceed with that condemnation if it is incidental to the reconstruction, repair or maintenance of a State designated highway. In our opinion, DOT is not restricted to the condemnation of real estate which is contiguous to a State designated highway in order to fulfill its responsibility. Any other interpretation of "all transportation purposes" would render meaningless the remaining language in Section 2003(e)(1).

In *Miller v. Department of Transportation,* 91 Pa. Commonwealth Ct. 622, 498 A.2d 1370 (1985), we held that "transportation purpose" is a broad enough phrase to include transportation *related* activities, such as a parking garage, where that facility was an integral part of a highway project and was intended, *inter alia,* to minimize traffic congestion. Here, as we have noted, the condemnation of Appellants' property along Roseville Road was necessary to provide continuous curbing around the intersection of that road with the State highway. Surely this was an integral part of a State highway project and, in the opinion of DOT, necessary for public safety.

We conclude that the trial court's analysis and conclusion with respect to the proper interpretation of Section 2003(e)(1) of the Code are correct and we, accord-

---

[1] *See* Section 2002(b) of the Code, 71 P.S. §512(b).

ingly, will affirm the order dismissing Appellants' preliminary objections.

ORDER

The order of the Court of Common Pleas of Lancaster County dismissing the preliminary objections of John J. and Madolyn C. Corcoran in the above-captioned matter is hereby affirmed.