556 A.2d 473

In Re: Condemnation by The Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 1010, Section B1, and Legislative Route 23031, Section 2, Limited Access Highways, in The Township of Marple. Donald Gaster and Mary Ann Gaster, Appellants.

Argued December 12, 1988, before Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*John W. Nilon, Jr.,* with him, *Lee A. Stivale, Nilon, Paul & Mardinly,* for appellants.

*William J. Cressler,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE DOYLE, March 21, 1989:

Before us for consideration is the appeal of Donald and Mary Ann Gaster (the Gasters) from an order of the Court of Common Pleas of Delaware County which dismissed the Gasters' preliminary objections to a declaration of taking filed by the Commonwealth of Pennsylvania, Department of Transportation (Department). We affirm.

The genesis of this case was the Department's October 13, 1987 filing of a notice of condemnation and declaration of taking pursuant to Section 402 of the Emi-

nent Domain Code[1] (Code), 26 P.S. §1-402, which condemned 5.2285 acres of land owned by the Gasters. The stated purpose of the condemnation was "to acquire property for limited access transportation purposes and to acquire property to replace wetlands adversely affected" by the construction of Legislative Route 1010 (Blue Route). As authorization for the condemnation, the Department cited the provisions contained in Section 2003(e) of The Administrative Code of 1929 (Administrative Code), Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §513(e), specifically Section 2003(e)(1), 71 P.S. §513(e)(1), and Section 2003(e)(2)(ii), 71 P.S. §513(e)(2)(ii).

Thereafter, on November 12, 1987, the Gasters filed preliminary objections in the nature of a motion to strike and a motion for more specific pleading to the Department's declaration of taking pursuant to Section 406 of the Code, 26 P.S. §1-406. Therein, the Gasters challenged the Department's authority to condemn land for wetland replacement purposes. Following a January 11, 1988 evidentiary hearing on the Gasters' preliminary objections, the common pleas court held that the Department did possess the statutory authority and dismissed the Gasters' objections. This appeal followed.

The Gasters' appeal presents three issues for our review:[2] (1) whether the Department is statutorily empowered to condemn property to replace wetlands destroyed by a highway project, (2) whether Article 1, Section 27 of the Pennsylvania Constitution precludes

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §§1-101 through 1-903.

[2] Our scope of review in an eminent domain case is to determine whether the trial court abused its discretion or committed an error of law. *Miller v. Department of Transportation*, 91 Pa. Commonwealth Ct. 622, 625 n.4, 498 A.2d 1370, 1372 n.4 (1985).

the Department from condemning land for environmental purposes, and (3) whether the Department is bound by federal environmental procedures with regard to its choice of wetland replacement sites.

## Is the Department Statutorily Empowered To Condemn Property To Replace Wetlands Destroyed by Highway Construction?

The Gasters contend that the Department is not authorized to condemn property to replace wetlands—an environmental purpose—because the clear expression of the General Assembly is to vest other political subdivisions and agencies with the legal right and authority to conserve, replace by condemnation, and maintain Commonwealth wetlands. They cite in support of that contention the provisions of the Open Space Lands Act, Act of January 19, 1968, P.L. (1967) 992, 32 P.S. §§5001 through 5010. Section 4 of that Act, 32 P.S. §5004, provides that the Commonwealth, through the Department of Forests and Waters[3] or the Department of Agriculture, may exercise the powers of condemnation granted by the Act only in concert with the various counties of the Commonwealth.[4] The Gasters also cite in support of their position several cases in which this Court has denied attempts by other state agencies and political subdivisions to assert authority over such a matter or gain

---

[3] The Department of Forests and Waters was abolished and its functions transferred to the Department of Environmental Resources (DER) by Section 30 of the Act of December 3, 1970, P.L. 834, 71 P.S. §510-103.

[4] Section 5(a), 32 P.S. §5005(a), provides that the Commonwealth, through the Department of Forests and Waters, may acquire any interest in property by, *inter alia*, condemnation, for purposes including the protection and conservation of wetlands. Sections 5(b) and 5(c), 32 P.S. §5005(b) and (c), grant similar powers to the Department of Agriculture and the counties.

standing to contest judicial and quasi-judicial actions. *See, e.g., Incorporation of the Borough of Valley-Hi*, 33 Pa. Commonwealth Ct. 180, 381 A.2d 204 (1977), (scope of county's powers limited to those specified by the county code and by the constitution).

We find these authorities unpersuasive. While the Open Space Lands Act grants the power of condemnation to DER, the Department of Agriculture, and the counties, it does not state that this grant of power is exclusive to these agencies and political subdivisions. The Gasters cite no authority, nor are we aware of any, which grants the power to condemn for wetlands purposes to any particular governmental agency or unit *to the exclusion* of all others. Further, the cases cited by the Gasters are not relevant to the issue before us. We are faced with neither a standing issue nor a dispute between agencies or political subdivisions, but rather with the unqualified question of whether the Department has the statutory authority to condemn the Gasters' property for wetlands purposes.

The Gasters further cite *Scanlon v. Department of Transportation*, 502 Pa. 577, 467 A.2d 1108 (1983), wherein our Supreme Court held that the Department does not have the power to modify by agreement its statutory authority. *Scanlon* concerned the Department's attempt to establish and implement an automobile emissions testing program pursuant to a consent decree entered into in United States district court, when it lacked the statutory authority to do so. The Gasters contend that the Department is attempting to supplement its authority in a like manner pursuant to a settlement entered into in *Anthony v. Army Corps of Engineers and Department of Transportation*, C.A. No. 87-2203 (E.D. Pa. October 28, 1987). Therein, the settlement identified the Gasters' property and specified time periods for its acquisition.

However, there is no indication that the acquisition of the Gasters' property resulted from that lawsuit. In fact, testimony at the hearing before the common pleas court revealed that the Gasters' property had been identified as a suitable wetlands replacement site as early in the planning process as 1985 (N.T. 1/11/88 48-50). In the case *sub judice*, the Department, in its declaration of taking, relied on the statutory authority provided in Section 2003(e) of the Administrative Code and not on the *Anthony* settlement. As such, we also find this argument to be unpersuasive.

The Department asserts that its authority to condemn property on behalf of the Commonwealth is set forth in Section 2003(e) of the Administrative Code. Subsection (2) of Section 2003(e) identifies three specific situations where the Department may condemn land for other than a transportation purpose.[5] 71 P.S. §513(e)(2). This Section states in pertinent part:

> (2) In addition to land required for highways and other transportation facilities, the department may acquire:
>
> . . . .
>
> (ii) land abutting a highway or other transportation facility if the secretary determines that such land has been or is likely to be adversely affected by reason of its proximity to such highway or other transportation facility, *or is required for the purpose of mitigating adverse effects on other land adversely affected by its proximity to such highway or other transportation facility.* . . .

71 P.S. §513(e)(2)(ii) (emphasis added).

_____

[5] Subsection (1) of Section 2003(e) grants the Department the right "[t]o acquire, by gift, purchase, condemnation or otherwise, land . . . in the name of the Commonwealth, for transportation purposes." 71 P.S. §513(e)(1).

We have not had occasion prior to this time to address the Department's authority under subpart (ii) of subsection (2). However, we may turn for guidance to the provisions of the Statutory Construction Act of 1972, 1 Pa. C. S. §§1901 through 1991. Section 1903 of that Act provides that words and phrases shall be construed according to their common and approved usage. 1 Pa. C. S. §1903. Here, Section 2003(e)(2)(ii) of the Administrative Code provides that the Department may acquire land abutting a highway if such land is "required for the purpose of mitigating adverse effects on other land adversely affected by its proximity to such highway." Mitigation is defined as "abatement," "alleviation," and "moderation." Webster's Third New International Dictionary 1447 (1986). We believe that the creation of replacement wetlands will act to abate, alleviate, and moderate the adverse effects of losing similar existing wetlands destroyed due to their proximity to the Blue Route. As such, we hold that the Department is statutorily authorized by Section 2003(e)(2)(ii) of the Administrative Code to condemn property to replace wetlands destroyed by the highway, subject to the provisions of that Section.

The Gasters argue, however, that a strict construction of Section 2003(e)(2)(ii) would preclude the Department from condemning their property and refer us to Section 1928(b)(4) of the Statutory Construction Act which requires that the provisions of a statute conferring the power of eminent domain be strictly construed. 1 Pa. C. S. §1928(b)(4). *See also Golding v. Township of New Britain*, 33 Pa. Commonwealth Ct. 635, 382 A.2d 509 (1978) (authority to exercise eminent domain power should be strictly construed). However, strict construction does not require "that a statute be construed as narrowly as possible, or that it be construed so literally and without common sense that its obvious intent is

frustrated." *Pittsburgh School District Condemnation Case*, 430 Pa. 566, 570, 244 A.2d 42, 44 (1968). We believe the Gasters' construction of Section 2003(e)(2)(ii), however skillfully argued, to be overly narrow, and we decline to read it to prevent the Department's condemnation of the Gasters' land to mitigate the effect of the Blue Route on existing wetlands.

The Department also contends that the condemnation of the Gasters' property is proper pursuant to Section 2003(e)(1) of the Administrative Code which authorizes the Department to condemn property for "all transportation purposes." In *Appeal of Corcoran*, 113 Pa. Commonwealth Ct. 402, 537 A.2d 384 (1988), Judge MACPHAIL wrote that the phrase "all transportation purposes" means that:

> if the purpose of the condemnation is in furtherance of [the Department's] responsibility to provide a fast, safe and efficient transportation system in the Commonwealth with due regard to public health and safety, then [the Department] has the authority and the duty to proceed with that condemnation if it is incidental to the reconstruction, repair or maintenance of a State designated highway.

*Id.* at 405, 537 A.2d at 385 (footnote omitted). We hold that because the Department must mitigate wetlands damaged in order to receive federal funds necessary for the construction of the Blue Route, a nexus exists between the Department's condemnation of the Gasters' property and the Blue Route project sufficient to bring that condemnation within the "all transportation purposes" requirement of Section 2003(e)(1).

## DOES ARTICLE 1, SECTION 27, OF THE PENNSYLVANIA CONSTITUTION PRECLUDE THE DEPARTMENT FROM CONDEMNING PROPERTY FOR WETLANDS REPLACEMENT?

The Gasters argue that the Department is not empowered by Article 1, Section 27, of the Pennsylvania Constitution[6] to condemn property for purposes other than those provided in the Department's enabling statute. They conclude that the Department is attempting to employ Section 27 to expand the powers granted to it by Section 2003(e)(2)(ii) of the Administrative Code in order to condemn land in a manner beyond its statutory authority. We do not agree.

We have already decided that the Department is statutorily authorized by Section 2003(e)(2)(ii) of the Administrative Code to condemn property to replace wetlands destroyed by a highway project. Further, the Department, in its declaration of taking, relied solely upon the provisions of Section 2003(e) as authority for the condemnation. Rather than acting as a vehicle to expand the Department's powers under Section 2003(e)(2)(ii), Article 1, Section 27, of the Pennsylvania Constitution instead provides a rationale supporting the purpose of condemnation of lands such as that here at issue.[7] We have

---

[6] Article 1, Section 27, titled "Natural Resources and the Public Estate," provides as follows:

The people have a right to clean air, pure water, and the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the commonwealth shall conserve and maintain them for the benefit of all the people.

[7] This Court has declared that Section 27 is "more than a declaration of rights not to be denied by government; it establishes rights to be protected by government," and that because "the despoliation of the environment is an act to be expected ... from private persons

likewise found unpersuasive the Gasters' argument that the power to acquire lands for the creation of wetlands is exclusive to any one agency.[8] Were we to so hold, the Department would be forced to request DER to acquire land needed for any environmental mitigation purpose, a result we believe to be impractical and unreasonable and thus contrary to Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(1).

## IS THE DEPARTMENT BOUND BY FEDERAL ENVIRONMENTAL PROCEDURES, SPECIFICALLY THE PROVISIONS OF 23 C.F.R. 777 (1987), WITH REGARD TO ITS CHOICE OF WETLAND REPLACEMENT SITES?

Our Supreme Court, in *Simco Stores v. Redevelopment Authority*, 455 Pa. 438, 317 A.2d 610 (1974), held that the scope of preliminary objections under Section 406 of the Eminent Domain Code, 26 P.S. §1-406, is limited. Similarly, this Court has held that a challenge to the Department's compliance with state and federal en-

---

... government must act in the people's interest." *Commonwealth v. National Gettysburg Battlefield Tower, Inc.*, 8 Pa. Commonwealth Ct. 231, 243, 302 A.2d 886, 892, *aff'd* 454 Pa. 193, 311 A.2d 588 (1973) (Per O'BRIEN, J. with one Justice concurring, two justices concurring specially and one Justice concurring in the result).

[8] In *Community College of Delaware County v. Fox*, 20 Pa. Commonwealth Ct. 335, 342 A.2d 468 (1975), we stated, with regard to Article 1, Section 27, that:

> The language of Section 27, of course, does not specify what governmental agency or agencies may be responsible for the preservation of the natural scenic, historic and esthetic values enumerated therein, but it seems clear that many state and local governmental agencies doubtless share this responsibility. The legitimate public interest in keeping certain lands as open space obviously requires that a proper determination of the use to which land shall be adapted must be made, but again this is clearly not a statutory function of the DER.

*Id.* at 357-58, 342 A.2d at 481.

vironmental procedures during the planning process of a roadway is not within the scope of Section 406, but is collateral to the condemnation proceedings and justiciable only through proceedings in equity. *See Condemnation for Route 58018*, 31 Pa. Commonwealth Ct. 275, 280-81, 375 A.2d 1364, 1367-68 (1977). Further, we have stated that:

> Considering the first type of allowable preliminary objection, the power or right of the condemnor, the appellants are not actually challenging the power or right of PennDOT to take their land. This is provided by statute, Act of May 29, 1945, P.L. 1108, *as amended*, 36 P.S. §2391.8. More accurately, they are challenging a collateral procedure to be followed as part of highway planning. Likewise, the challenge is not to sufficiency of the security or the declaration of taking itself. Therefore, if appellants' argument is to fit into one of the allowable categories of preliminary objections, it must qualify as an objection to 'any other procedure followed by the condemnor.'

> However, in Simco Stores, Inc. v. Philadelphia Redevelopment Authority, 8 Pa. Commonwealth Ct. 374, 379, 302 A.2d 907, 910 (1973), aff'd., 455 Pa. 438, 317 A.2d 610 (1974), this Court stated:

> 'The term "any other procedure" refers to procedures such as are set forth in Sections 403 and 405, inclusive, and other procedures that may be directly related to the filing of the declaration of taking.'

*Condemnation for Route 201*, 22 Pa. Commonwealth Ct. 440, 445, 349 A.2d 819, 821 (1975) (regarding notice of an environmental hearing under Section 2002(b) of the Administrative Code). We believe that all the federal regu-

lations relied upon by the Gasters, and in particular 23 C.F.R. 777,[9] are similarly collateral to the condemnation itself under state law, and, therefore, hold that they are not the proper subject of preliminary objections.[10] Accordingly, the order of the Court of Common Pleas of Delaware County which dismissed the Gasters' preliminary objections to the Department's declaration of taking is affirmed.

## ORDER

NOW, March 21, 1989, the order of the Court of Common Pleas of Delaware County in the above-captioned case is affirmed.

---

[9] The provisions of 23 C.F.R. 777 are promulgated pursuant to the National Environmental Policy Act, 42 U.S.C. §§4321 through 4347, and provide procedures to be followed in order to obtain federal aid participation in mitigating environmental impacts to wetlands caused by highway construction. The Department's authority to condemn land for wetland purposes is reviewable under Pennsylvania law and not under federal-funding regulations.

[10] The Gasters also contend that the Department's rejection of a previously selected site which contained toxic contaminants in favor of their property was "a capricious act." To the extent that this could be construed as an argument that the Department committed an abuse of discretion, we hold that this issue is waived because the Gasters failed to raise it before the trial court, *see* Pa. R.A.P. 302(a), and again in their statement of matters complained of on appeal. The trial court's opinion stated that "[s]ince the appeal does not challenge the discretion of the secretary [of transportation] *we need not discuss why there has been no abuse.*"