612

608 A.2d 1109

**BUCKS COUNTY WATER AND SEWER AUTHORITY**

v.

**APPROXIMATELY 9.180+ SQ. FT. OF LAND TAKEN AS EASEMENT (First Tract) Approximately 3.124+ Sq. Of Land Taken In Fee (Second Tract) Approximately 382+ Sq. Ft. Of Land Taken As Easement (Third Tract Known To Be the Property Of Robert L. Rawlings And Carol Rawlings, His Wife)**

**APPEAL OF Robert L. RAWLINGS and Carol Rawlings, Appellants.**

Commonwealth Court of Pennsylvania.

Argued March 3, 1992.

Decided May 4, 1992.

Robert M. Donovan, for appellants.

Nicholas A. Leonard, for appellee.

Before McGINLEY and SMITH (P.), JJ., and NARICK, Senior Judge.

SMITH, Judge.

Robert L. Rawlings and Carol Rawlings, husband and wife, appeal from the July 1, 1991 order of the Court of Common Pleas of Bucks County which granted a motion for post-trial relief filed by the Bucks County Water and Sewer Authority (Authority) and ordered a new trial to determine compensation for the land the Authority took pursuant to its declaration of taking. The issues to be decided by this Court are whether in an eminent domain proceeding a landowner may seek compensation for a de facto taking resulting from an independent contractor's negligent deviation from the sewer authority's plan by constructing a pump station outside the condemned land; whether the landowner's remedy is limited to compensation for the land as condemned by the declaration of taking; and whether the trial court abused its discretion or committed an error of law in granting a motion for new trial.

On August 17, 1983, pursuant to Section 402 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. § 1–402, the Authority filed a declaration of taking to condemn tracts of land owned by the Rawlings for the installation of a sewage collection and treatment system. The Rawlings' property was irregular in shape and connected to the public roadway by a narrow access strip. Had the pump station been built according to the Authority's plan and the declaration of

taking, there would have been an eleven-foot access to the rear of the property. However, the pump station was actually built outside the condemned area which resulted in an approximately eight-foot access to the Rawlings' property.

The Authority filed a petition for appointment of viewers to ascertain just compensation for the condemnation. After the viewers filed a report awarding $20,000 as compensation, the Rawlings appealed to the trial court which held a jury trial. The trial court, over the Authority's objection, admitted evidence of a de facto taking resulting from misplacement of the pump station and refused to permit the Authority to introduce evidence relating to the liability of the independent contractor for negligently placing the pump station outside the condemned area. The trial court ruled that the independent contractor was the agent of the Authority and that it therefore had a non-delegable duty to ensure that the pump station was built in accordance with the declaration of taking. The trial court instructed the jury to enter a "real" verdict based upon the de facto taking and also an "advisory" verdict assuming that the pump station had been built in accordance with the Authority's plan and the declaration of taking. The jury returned a "real" verdict in favor of the Rawlings in the amount of $55,000 and an "advisory" verdict of $10,000.

After the trial court entered a judgment on the jury verdict in the amount of $55,000, the Authority appealed to this Court challenging the trial court's admission of evidence of the de facto taking and exclusion of evidence of the independent contractor's liability. This Court remanded the matter to the trial court to allow the parties to file motions for post-trial relief and for the trial court to file an opinion. *See Bucks County Water & Sewer Authority v. Rawlings*, 129 Pa. Commonwealth Ct. 511, 566 A.2d 357 (1989). Upon remand, the trial court granted the Authority's motion for post-trial relief and ordered a new trial to determine damages from the de jure condemnation, i.e., damages only for the taking of land under the declaration

of taking without regard to the de facto condemnation. The Rawlings thereafter appealed to this Court.

■ This Court's scope of review in an eminent domain case is limited to determining whether the trial court abused its discretion or committed an error of law. *Gaster Appeal*, 124 Pa. Commonwealth Ct. 314, 556 A.2d 473, *appeal denied*, 524 Pa. 632, 633, 574 A.2d 72, 73 (1989). The Rawlings challenge the trial court's conclusion that the trial should have been limited to a determination of damages for the land as condemned by the Authority through its declaration of taking. The Rawlings argue that misplacement of the pump station reduced the access strip to their land to eight feet, which does not provide sufficient access to their land and was therefore tantamount to a condemnation of the entire land they own because it could not be developed for its highest and best use; and that since the Authority accepted the use and benefit of the pumping station as located, the Authority should be liable for the de facto taking regardless of the independent contractor's negligence in deviating from the Authority's plan.

■ In eminent domain proceedings, a landowner must show that the taking of property was the result of an action by the entity clothed with the power of eminent domain. *Deets v. Mountaintop Area Joint Sanitary Authority*, 84 Pa. Commonwealth Ct. 300, 479 A.2d 49 (1984). Before there can be a de facto taking, there must be substantial deprivation of the beneficial use and enjoyment of the property. *Harborcreek Township v. Ring*, 48 Pa. Commonwealth Ct. 542, 410 A.2d 917 (1980). In this matter, there is no question that a de facto taking occurred because encroachment of the pump station into the portion of the Rawlings' land which was not condemned by the Authority deprived the Rawlings of the future use of that land.

■ However, to seek damages for a de facto taking resulting from actions of an independent contractor, the landowner must prove that the taking resulted from the Authority's exercise of its power of eminent domain and not

from actions of the Authority's agents. *Deets; Espy v. Butler Area Sewer Authority,* 63 Pa. Commonwealth Ct. 95, 437 A.2d 1269 (1981). Therefore, where the actual intrusion is the result of actions of an independent contractor, the landowner has the burden of proving that the Authority either authorized or directed the independent contractor's action in question to proceed under the Code. *Blackburn Appeal,* 98 Pa. Commonwealth Ct. 346, 511 A.2d 270 (1986). In the matter sub judice, the Rawlings do not dispute that the pump station was misplaced by the independent contractor's error. The Rawlings did not allege, and no evidence was presented at trial, that the Authority authorized or directed the independent contractor to deviate from the Authority's plan and the declaration of taking. Consequently, the independent contractor's negligence cannot be imputed to the Authority. *Deets.*

■ Therefore, where, as here, a de facto taking is the result of the negligent actions of an independent contractor acting without the authority or direction of an entity clothed with the power of eminent domain, the property owner's sole remedy is to seek damages in a civil action against the offending contractor. *Culver v. Commonwealth,* 346 Pa. 262, 29 A.2d 531 (1943); *Deets; Espy.* The rationale behind this principle is that "whatever may have been done by a contractor outside the right-of-way was a trespass, for which there may be recovery in an action in trespass." *Espy,* 63 Pa. Commonwealth Ct. at 99, 437 A.2d at 1271.

■ Because the Rawlings could not seek damages in the eminent domain proceeding for a de facto taking, the trial court's admission of evidence of a de facto taking and its instruction to the jury to determine the damages for a de facto taking was an error of law. The admission of improper evidence justifies a new trial when such evidence may have affected a verdict to the detriment of a party. *Kelly v. Buckley,* 280 Pa. Superior Ct. 353, 421 A.2d 759 (1980). Whether to grant a motion for a new trial is within the discretion of the trial court and its decision will not be reversed in the absence of a manifest abuse of discretion or

a clear error of law. *D'Alfonso v. Department of Transportation*, 5 Pa. Commonwealth Ct. 341, 291 A.2d 117 (1972). In the matter sub judice, ordering a new trial to correct the error made during trial was proper, and the trial court therefore did not abuse its discretion or commit an error of law in granting the Authority's motion for a new trial. Accordingly, the trial court is affirmed.

## ORDER

AND NOW, this 4th day of May, 1992, the order of the Court of Common Pleas of Bucks County dated July 1, 1991 is affirmed.