Borough of Phoenixville et al., Appellants *v.* Alexander C. Kovach and Elsie Kovach, his wife, Appellees.

Argued March 4, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Allan B. Greenwood,* with him *Mark L. Tunnell, Cremers, Morris, Greenwood & Tunnell,* for appellants.

*Mary Ann Rossi,* with her *William J. Gallagher* and *Lynn E. Palenscar, MacElree, Harvey, Gallagher, O'Donnell & Featherman, Ltd.,* for appellees.

OPINION BY JUDGE DOYLE, August 26, 1982:

This is an appeal by the Borough of Phoenixville (Borough) from a decision and order of the Court of Common Pleas of Chester County reversing the Borough Council's affirmance of the Borough Building Officer's decision to deny a street improvement permit to Alexander and Elsie Kovach.

The instant case centers around a fifty foot wide, five hundred foot long paper street in the Borough known as "Mulberry Street."[1] Mulberry Street, which intersects Columbia Avenue to the west and Chester Avenue to the east, runs parallel to and between Cherry Street to its north and Madison Avenue to its south. In 1951, the Kovachs purchased property fronting on Cherry Street, the rear boundary for which is Mulberry Street. Subsequent to the Kovachs' acquisition of their property, Mulberry Street was rendered unusable as a right of way by Pennsylvania Builders, Inc.'s, the owner of the fee title to Mulberry Street, excavation of soil to facilitate the development of housing lots fronting on Madison Avenue. In an attempt to regain the use of Mulberry Street, the Kovachs and other owners of land fronting on Cherry Street initiated a suit in equity before the Court of Common Pleas of Chester County to compel Pennsylvania Builders, Inc. to restore the original grade of the street. That court, in its decision in *Kovach v. Pennsylvania Builders, Inc.,* 8 Chester Co. Rep. 329 (1958), held that the Kovachs and their co-plaintiffs, "as grantees of lots sold and conveyed by description with

---

[1] Mulberry Street has never been offered for dedication or accepted by the Borough as a public street.

reference to Mulberry Street ... *acquired an easement appurtenant by implication as a private right of property arising out of a grant."* *Id.* at 332 (emphasis added).

The court, however, refrained from entering an actual judgment in favor of the plaintiffs because it felt regrading Mulberry Street could also affect those property owners whose homes fronted on Madison Avenue. Thus, the proceedings were suspended pending joinder of those owners as parties to the action so as to be able to determine if they had rights in the easement. When the Cherry Street residents some time later recommenced efforts to improve Mulberry Street, the Madison Avenue residents went before the common pleas court and requested a permanent injunction of the proposed improvements on the grounds that they would unduly interfere with their easement rights. The court, in *Nord v. Devault Contracting Company, Inc.,* 23 Chester Co. Rep. 98 (1975) held that, while the Cherry Street residents possessed easements by implication, only one of the Madison Avenue residents possessed easement rights and that the injunction must be denied because that party had failed to establish potential injury. This decision was affirmed by the Pennsylvania Supreme Court in *Nord v. Devault Contracting Company, Inc.,* 460 Pa. 647, 334 A.2d 276 (1975). Subsequently, the Kovachs began efforts to obtain a permit for a curb cut and to grade and pave a ten foot wide and approximately two-hundred and twenty foot long strip of Mulberry Street running eastward from Columbia Avenue so as to provide access to their property from the rear. These efforts culminated in the denial by the Borough Building Officer on April 19, 1979, of the building permit application which is the subject of the instant case. The Kovachs appealed this denial to the Borough Council and, following a hearing, an adjudication was

rendered on July 10, 1979, affirming the denial of the permit application. The reasons proffered by the Council for its decision were: (1) the Kovach's had not established their right to the easement; (2) the Kovachs failed to submit a copy of their deed; (3) the name of the owner of Mulberry Street was not on the building permit application; (4) said owner had not given approval for the improvements or joined in the application; (5) the proposed improvements were inconsistent with a district zoned R-3, single family residential, and (6) no provision had been made to assume responsibility for the maintenance and upkeep of the roadway. On appeal, the court of common pleas took no additional evidence and overturned the Council's decision by holding that the Kovachs had satisfied all the requirements for a building permit and that one therefore must be issued. The appeal to this Court followed in which the Borough asserts that each of the reasons it set forth to deny the permit application was sufficient as a matter of law to warrant such a denial.

This Court's scope of review where, as here, the common pleas court has rendered a decision without taking any additional evidence, is the same as that to which the common pleas court is held, *i.e.*, whether the borough council committed an abuse of discretion or an error of law. *Warminster Township v. Kessler,* 16 Pa. Commonwealth Ct. 67, 329 A.2d 316 (1974).

With respect to the Borough's first two grounds for denying the Kovachs' permit request, the common pleas court held that the previous litigation surrounding Mulberry Street, the decisions from which the Kovachs introduced at the Council hearings and which we discussed above, sufficiently established the Kovachs' right to an easement and obviated their failure to introduce their actual deed into evidence. We concur with this analysis. The language of the prior opinions, one of which was an action against the owner

of the fee title to Mulberry Street (Pennsylvania Builders, Inc.) to establish easement rights, is clear and unequivocal to the effect that the Kovachs own an "easement appurtenant" over Mulberry Street. Moreover, Mr. Kovach presented oral testimony at the hearing as to the contents of his deed. In light of this evidence, it was a decided abuse of discretion on the part of the Borough Council to hold that the Kovachs had not established their easement rights.

Similarly, we also agree with the common pleas court that the Council was incorrect in denying the permit application based on the Kovachs' failure to tender the name of the owner of Mulberry Street or obtain said owner's acquiescence in the planned improvements. As owners of the easement, the Kovachs have the *right* to "make changes, not affecting the character of the servient estate in the manner of using the easement, so long as the use is confined to the purpose for which it was created." *Rusciolelli v. Smith,* 195 Pa. Superior Ct. 562, 571, 171 A.2d 802, 807 (1961); *Lease v. Doll,* 485 Pa. 615, 403 A.2d 558 (1979); *Garan v. Bender,* 357 Pa. 487, 55 A.2d 353 (1947). The improvements the Kovachs desire to make are solely for the purpose of rendering their easement usable, and the paving of a portion of Mulberry Street is not in any way inconsistent with the use for which it was created. Accordingly, the owner of the servient tenement cannot obstruct the improvements, *see Rusciolelli,* and we must agree with the common pleas court that the Borough's arguments as to this issue are "superfluous."[2]

---

[2] Additionally, the Borough, in both its brief to the Court and at the Council hearing, has indicated that it is fully cognizant of the fact that Pennsylvania Builders, Inc. continues to own the substrata of Mulberry Street. Such indications are wholly inconsistent with the Borough's argument that it must reject the Kovachs' application for the failure to supply the name of the owner of the sub-

As for the Borough's assertion that the Kovachs' permit request should be denied on the grounds that the improvements are inconsistent with an R-3 zone, we consider it too to be without merit. The desired improvement is, in essence, a driveway in a residential neighborhood solely to provide access to the rear of residential lots. This is not a situation where a route is being sought through a residentially zoned neighborhood to provide access to an establishment in a commercial zone. *See Atria, Inc. v. Mount Lebanon Township Board of Adjustment*, 438 Pa. 317, 264 A.2d 609 (1970). The Kovachs' proposal is fully consistent with a residential zone and no reasonable reading of the Borough's Zoning Ordinance can be deemed to prohibit it.[3]

Finally, we also agree with the holding of the common pleas court that, because there is nothing in the Borough Zoning Ordinance requiring an applicant, prior to the issuance of a building permit, to make provisions to protect the interests of the Borough and nearby residents and to ensure the maintenance of the subject of the permit request, that the failure of the applicant to make such provisions cannot be grounds for denying a building permit.

ORDER

Now, August 26, 1982, the decision and order of the Court of Common Pleas of Chester County in the above captioned matter, No. 372 July Term, 1979, dated February 13, 1981 is hereby affirmed.

Judge MENCER did not participate in the decision in this case.

---

strata because without such information it will be unable to fulfill its duty to protect the public health, safety and welfare.

[3] The common pleas court while making a similar ruling, also found the proposed improvements to be permissible as an "accessory use," a finding contested by the Borough. In light of our holding herein, we need not reach this issue.