Joseph M. Florek and Mary Florek, his wife, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

484

Submitted on briefs April 11, 1985, to Judges MAC-PHAIL and BARRY and Senior Judge BARBIERI, sitting as a panel of three.

*David R. Lipka,* for appellants.

*John V. Rovinsky,* Assistant Counsel, with him, *Spencer Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

Opinion by Judge MacPhail, May 24, 1985:

Joseph M. Florek and Mary Florek (Appellants) appeal from a decision and order by the Court of Common Pleas of Luzerne County which dismissed Appellants' petition for viewers and sustained the preliminary objections by the Pennsylvania Department of Transportation (DOT).

The facts as found by the trial court are that Appellants own a parcel of land in Wilkes-Barre Township which abuts Old Ashley Road, a state highway. In 1947, a storm sewer drainage system was installed along Old Ashley Road by Wilkes-Barre Township. In 1963, the Commonwealth acquired the highway and drainage system from Wilkes-Barre Township. Connected to this drainage system was an underground terra cotta pipe extending from a catch basin on the highway, across Appellants' property adjoining Appellants' parcel. When Appellants purchased their property in 1973 from the Blue Coal Corporation, a map was attached to Appellants' deed showing a manhole and catch basins on the highway, as well as the drainage system across Appellants' property. Due to contours on Appellants' land, sections of the terra cotta pipe were exposed to view.

In 1974, Appellants in an effort to prevent the discharge of sewage and storm water on their property tried to improve their property through reclamation. A neighbor pointed out to Appellants the location of DOT's drainage system, including exposed sections of the terra cotta pipes and cautioned Appellants not to damage it. Appellants, as a result of their backfilling operations, covered and crushed the terra cotta pipe, which caused drainage problems on the highway and Appellants' property. DOT notified Appellants in 1982 that it planned to conduct an exploratory excavation of their land. During this operation, attempts to flush out the terra cotta pipe proved futile. DOT

installed a new drainage pipe, in the same location, albeit at a different elevation in the ground. The original pipe was at a fourteen to fifteen foot depth, while the new pipe was placed at a five foot depth.

On December 30, 1980, Appellants filed a petition for viewers pursuant to Section 502(e) of the Eminent Domain Code,[1] averring that DOT permitted a storm sewer system to become blocked causing water to drain from an adjacent state highway onto Appellants' property. Appellants averred that a board of viewers should be appointed to assess the damages related to this alleged de facto taking of their property by DOT. DOT filed preliminary objections and Appellants amended their complaint.[2]

On September 15, 1983, the trial court, after making nineteen fact findings, sustained DOT's preliminary objections. The trial court, finding that no de facto taking occurred, stated that Appellants' drainage problem on their property was not the "immediate, direct, necessary and unavoidable consequence of the presence of the Department's drainage system," rather the Appellants caused their continuing difficulties when they covered and crushed the terra cotta pipe on their property. Appellants, however, had raised the issue in their brief that there was never a valid condemnation of an easement for the terra cotta pipe, an issue not pleaded in their amended complaint. The trial court granted Appellants leave to amend their amended complaint to include this issue. DOT

---

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e).

[2] DOT filed preliminary objections to Appellants' amended complaint which were dismissed by the trial court because DOT failed to file a brief as required by the local rules. We reversed and remanded that decision, because the trial court listed the matter of preliminary objections for briefing and argument, rather than for an evidentiary hearing. *Department of Transportation v. Florek,* 71 Pa. Commonwealth Ct. 615, 455 A.2d 1263 (1983).

filed preliminary objections to Appellants' second amended complaint.

The trial court incorporated by reference the nineteen findings of fact previously made and also found, on the basis of newly submitted depositions, that Wilkes-Barre Township obtained an easement for drainage purposes prior to 1947 either when they constructed the terra cotta pipe or when the pipe was first used to drain water from Old Ashley Road. The property, then owned by Blue Coal Corporation, was subject to this easement. When DOT acquired Old Ashley Road, it acquired the property rights in the pre-existing drainage system and succeeded to the rights of the Wilkes-Barre Township easement.

The trial court held that DOT had the right and duty to maintain the drainage pipe and the fact that DOT replaced the pipe at a different depth did not constitute a de facto taking. The trial court also held that any claim for compensation existed at least thirty-four years prior to Appellants' petition for viewers, when Wilkes-Barre Township entered the property then owned by Blue Coal Corporation to install the original pipe. Since more than twenty years had passed, there was a presumption, which Appellants did not rebut, that Blue Coal Corporation was compensated for damages. Any claim now for damages would be barred by laches. The trial court sustained DOT's preliminary objections and dismissed Appellants' amended complaint.

In their appeal to this Court, Appellants argue 1) that when DOT replaced a pipe on Appellants' property at a depth of five feet when the former pipe was placed at a depth of fourteen to fifteen feet, DOT never filed a declaration of taking, therefore, a de facto taking occurred without compensation and 2) that there was never a valid condemnation of an easement for the drainage pipe.

In order to establish a de facto taking, Appellants must show that there are exceptional circumstances which have substantially deprived them of their use and enjoyment of their property. *Jacobs Appeal*, 55 Pa. Commonwealth Ct. 142, 423 A.2d 442 (1980). If damage to the property is not the "immediate, direct, necessary, and unavoidable consequence of the making of a public improvement by an entity having the power of eminent domain," it is not a de facto taking. *Kehler Appeal*, 65 Pa. Commonwealth Ct. 336, 338, 442 A.2d 409, 410 (1982). When the trial court has sustained preliminary objections to a petition for viewers, our scope of review is to determine whether the trial court's findings are supported by competent evidence or an error of law was committed. *Miller Appeal*, 55 Pa. Commonwealth Ct. 612, 615, 423 A.2d 1354, 1356 (1980).

We cannot say that a de facto taking occurred when DOT installed a new drainage pipe on Appellants' property. We agree with the trial court that Appellants failed to meet their burden of proving that a drain pipe which was installed at a depth of five feet, instead of fourteen to fifteen feet, constitutes a substantial deprivation of the use and enjoyment of their property. The facts reveal that DOT would not have had to install a new pipe if Appellants had not crushed the original pipe with their bulldozer during their backfill operation. Any damage to Appellants' property, therefore, was not the immediate, direct, necessary or unavoidable consequence of DOT's installation of the new pipe.

Appellants' second contention that since there was never a valid condemnation of an easement, they are now entitled to compensation, is also without merit. We agree with the trial court that if a taking did occur, it happened thirty-four years prior to Appellants' petition for viewers, when Wilkes-Barre Township

placed the drainage piping on the property then owned by Blue Coal Corporation. The right to damages for a condemnation proceeding belongs solely to the owner of the property and does not pass to a subsequent purchaser. *Synes Appeal,* 401 Pa. 387, 164 A.2d 221 (1960). The trial court correctly pointed out that even though the record does not reveal whether condemnation proceedings were ever initiated, Blue Coal Corporation as owner of the property when the drainage pipe was first installed, would be the only party to make a claim for damages. Appellants cannot claim damages for an alleged condemnation proceeding which, if it occurred at all, occurred prior to the time they became owners.

A review of the depositions taken below supports the trial court's finding that prior to 1947, Wilkes-Barre Township acquired an easement from Blue Coal Corporation when it constructed the terra cotta pipe and used it to drain water from the highway. Our Supreme Court in *Brady v. Yodanza,* 493 Pa. 186, 425 A.2d 726 (1981) stated that a subsequent purchaser of land who has notice that the land is burdened with an existing easement takes the land subject to the easement. In the instant case, Appellants had notice and, therefore, took the property subject to the easement because 1) attached to the deed from Blue Coal Corporation was a map showing the catch basin on the highway and drainage system across Appellants' property 2) sections of the terra cotta pipe were exposed on Appellants' property and 3) a neighbor specifically pointed out to Appellants the terra cotta pipe on their property.

When DOT acquired the highway and drainage system from Wilkes-Barre Township in 1963, it succeeded to the rights of the easement.[3] In *Borough of*

---

[3] *See Predwitch v. Chrobak,* 186 Pa. Superior Ct. 601, 142 A.2d 388 (1958).

*Phoenixville v. Kovach,* 68 Pa. Commonwealth Ct. 441, 449 A.2d 793 (1982), we held that the owner of an easement could make improvements on the servient estate as long as the improvements were consistent with the use for which the easement was created. In the instant case, the purpose of the easement was to create a drainage system for Old Ashley Road. DOT properly exercised its right as an easement owner when it replaced a drainage pipe on Appellants' property and we cannot say that placing this pipe in the same location, albeit at different depth, was inconsistent with the original purpose of the easement.

Accordingly, we affirm.

### Order

The order of the Court of Common Pleas of Luzerne County, No. 4425-C of 1980, dated February 22, 1984, is affirmed.