618 A.2d 1070

In re Property Situate Along Pine Road, in Earl Township, Owned By Walter C. Krauss and Catherine J. Krauss, as Trustees under the Walter C. Krauss Trust and Catherine J. Krauss Trust.

Appeal of Walter C. KRAUSS and Catherine J. Krauss, as Trustees under the Walter C. Krauss Trust and Catherine J. Krauss Trust, Appellants.

Commonwealth Court of Pennsylvania.

Argued Sept. 17, 1992.

Decided Nov. 25, 1992.

620

Charles K. Serine, for appellants.

Margaret K. Collins, for appellee, Borough of Boyertown.

Before DOYLE and FRIEDMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Walter and Catherine Krauss appeal a common pleas court order sustaining Boyertown Borough's preliminary objections to the Krausses' petition for appointment of viewers, which was brought pursuant to section 502 of Article V, the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§ 1–101—1–903. We reverse.

In 1964, the Krausses acquired the subject property and, according to the averments of their petition, subdivided a portion of it some five years later. They also entered into an oral lease of one subdivision lot. The township issued permits for this lot in November 1989. On January 10, 1990, the township sewage enforcement officer notified the Krausses to desist development on this lot pending a determination of the location of a Borough water pipeline. Thereafter, on March 7, 1990, the Borough notified the Krausses that the mobile home that had been placed on the lot was directly above the pipe. The Borough ordered the Krausses to move the mobile home in order to comply with Commonwealth Department of Environmental Resources (DER) regulations. The Krausses' petition alleges that, as a result, the lessee of the lot removed her mobile home and terminated the lease. The petition further alleges that the Krausses were unable to develop their subdivision as recorded because of the presence of the pipeline, which was not known to them when they acquired the property or when they recorded their subdivision plan, since no easement, right-of-way or declaration of taking had been

recorded for the pipeline. They therefore alleged a *de facto* taking.

The common pleas court upheld the Borough's preliminary objections to the petition on several grounds. The Krausses now assign error to that court's decision and pose the following questions for our review: whether the court erred in concluding that the statute of limitations bars the Krausses' taking claim; whether the court erred in concluding that the Krausses are not entitled to recovery because they did not rebut the presumption, arising in the law after twenty years, that payment for a taking was made when the pipeline was installed over ninety years ago; whether the court erred in concluding that, because they were not record owners at the time the pipeline was installed, the Krausses are not entitled to damages for a *de facto* taking; whether the court erred in concluding that the Borough's actions constituted a non-compensable exercise of police powers because they were reasonable and did not in fact cause damage to the property, as the Krausses allege.

■ If the common pleas court was correct in its disposition of *any* of these questions, the Borough's preliminary objections were properly sustained. We first note that, in eminent domain proceedings, a court confronted with a petition for appointment of viewers alleging a *de facto* taking to which preliminary objections are filed must first decide whether, as a matter of law, the averments of the petition, taken as true, are sufficient to state a cause of action. If the averments might establish a *de facto* taking, the trial court must take evidence by deposition or otherwise so that a judicial determination can be made. *Florek v. Department of Transportation,* 89 Pa.Commonwealth Ct. 483, 493 A.2d 133 (1985); *Harborcreek Township v. Ring,* 48 Pa.Commonwealth Ct. 542, 544, 410 A.2d 917, 918 (1980).

We also conclude at the outset that the trial court was in error in sustaining the preliminary objections because it failed to give due consideration to the critical allegation in the Krausses' complaint that they did not know of the water line until after they commenced to subdivide their land. As we see

it, that allegation is critical to a determination of each of the arguments advanced in support of the demurrer to the petition.

Section 5530(a)(3) of the Judicial Code, 42 Pa.C.S. 5530(a)(3) requires that an action for a *de facto* taking be commenced within twenty-one years. If the evidence supports the trial court's finding that a *de facto* taking occurred, this provision of the Judicial Code applies. *Erie Municipal Airport Authority v. Agostini,* 127 Pa.Commonwealth Ct. 360, 561 A.2d 1281 (1989). This Court, in *Lando v. Urban Redevelopment Authority of Pittsburgh,* 49 Pa.Commonwealth Ct. 566, 411 A.2d 1274 (1980), held that the date of injury and the date of *de facto* taking are co-incident. In *Strong Appeal,* 400 Pa. 51, 161 A.2d 380 (1960), our Supreme Court held that a limitation on an owner's right to claim damages in condemnation cannot begin to run until the owner has notice, actual or constructive, that his property has been condemned. Since it is alleged in the complaint that the condemnor Borough's action in March of 1990, i.e., ordering the Krausses to move a mobile home from the land above the pipeline, deprived them of the beneficial use of that property by precluding subdivision and development pursuant to approved plans and permits, and since it is further alleged that the Krausses had neither actual nor constructive notice of a taking until they were so ordered, we conclude under the authority of *Strong Appeal,* that the 21–year statute of limitations does not bar the Krausses' claim for a *de facto* taking if the evidence supports such a finding.

With respect to the trial court's conclusion that the Krausses are unable to rebut the legal presumption of payment that arises after twenty years [1] when installation of the water line occurred over ninety years ago, as the court in its opinion pointed out, the Krausses alleged in their petition that "[n]either the Borough, nor any predecessor in interest to the Borough, paid any compensation to either Plaintiffs or any other predecessor in interest to Plaintiffs for installation and maintenance of any water line traversing the subsurface of the

1. This presumption was recognized and explained in *Carter v. Ridge Turnpike Company,* 208 Pa. 565, 57 A. 988 (1904).

property." *Slip op.* at 7. Because there were no other factual averments, the trial court sustained the Borough's preliminary objections. We hold this to be incorrect, for the allegation we quote above is indeed a factual one. Although we acknowledge that, practically speaking, the proof of this allegation may be difficult, the role of the court in ruling on preliminary objections is to determine whether the facts pled are legally sufficient to permit the action to continue, not whether they are easily susceptible of proof.

██ As to the conclusion that the Krausses cannot recover because they were not the record owners at the time the land was entered and the pipeline installed, we are of the opinion that *Florek* and *Synes Appeal,* 401 Pa. 387, 164 A.2d 221 (1960), on which the common pleas court relied, are, as the Krausses point out, distinguishable.

In *Florek,* the petitioners alleging a de facto taking knew by virtue of deed maps and exposure to view that a drainage system had been installed on the property when they acquired that property. We held that the trial court correctly concluded in those circumstances that the owner at the time the drainage pipe was installed was the only party to make a claim for damages. In *Synes Appeal,* a *de jure* condemnation occurred after an option to purchase had been executed but before that option was exercised. The condemnation made exercise of the option impossible. There, the Supreme Court held that the right to condemnation damages was "personal" and remained with the legal owners at the time of the taking and did not pass to the optionee. *Id.* at 391, 164 A.2d at 223. In each case, there was notice to the landowner or his actual knowledge of the acts constituting the condemnation *at the time those acts occurred* [2].

██ In *Strong Appeal,* the Supreme Court held that a condemnation purported to have occurred thirty-one years before a petition was filed was invalid because it failed to give or secure payment and because it failed to give proper notice

---

**2.** *Kaufman v. Pittsburgh,* 248 Pa. 41, 93 A. 779 (1915), also relied on by the common pleas court and cited in *Synes Appeal,* is distinguishable on the same grounds.

to the landowner. *Id.* 400 Pa. at 60, 161 A.2d at 384. Here, not only is it argued that the taking occurred in March 1990, when the Borough ordered the Krausses to move the mobile home on their property and thereby precluded subdivision; it is also alleged that a declaration of taking was never previously filed, that no compensation was previously paid, no right-of-way or easement was ever acquired and no notice was given as to the prior entry upon the land. Thus, we are of the opinion that the Krausses have stated a claim for condemnation damages and the fact that they did not hold title to the land when the pipeline was installed is not a defense to this action. We repeat, however, that this stated claim must be proved.

Finally, on the question of whether the Borough was validly exercising its police power rather than its eminent domain power, it was not merely alleged that the Borough was attempting to enforce The Sewage Facilities Act[3] and its attendant regulations, but that the Borough, as successor-in-interest to the installing water company, controlled and operated a water line for public purpose and that, *on account of* statutory and regulatory restraints, the Borough's actions effectuating that public purpose substantially deprived the Krausses of the beneficial use of their property. Thus, the court's characterization of the petition as alleging no more than a valid exercise of police power was incorrect. *See In re Condemnation of 17.9 Acres,* 91 Pa.Commonwealth Ct. 381, 497 A.2d 284 (1985).

For the foregoing reasons, we conclude that it was improper to sustain the Borough's preliminary objections without an evidentiary hearing. We therefore reverse the common pleas court's order sustaining those preliminary objections and remand this case for further proceedings.

## ORDER

AND NOW, this 25th day of November, 1992, the order of the Common Pleas Court of Berks County, dated October 28,

3. Act of July 1, 1989, P.L. 124, *as amended,* 35 P.S. §§ 750.1–750.20a.

1991, at No. 4080–91 AD is hereby reversed and this matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.