633 A.2d 1308

**Peter FALESKI and Frances Faleski**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 1, 1993.

Decided Nov. 9, 1993.

Carl Vaccaro, Asst. Counsel-in-Charge, for appellant.

Richard D. Director, for appellees.

Before CRAIG, President Judge, COLINS, J., and SILVESTRI, Senior Judge.

COLINS, Judge.

The Commonwealth of Pennsylvania, Department of Transportation (Department) appeals from the April 3, 1992 order of the Court of Common Pleas of Lehigh County (Common Pleas) dismissing its preliminary objections to Peter and Frances Faleskis' (the Faleskis) petition for appointment of a board of viewers (petition) to assess damages resulting from the Department's alleged de facto taking.[1]

The Faleskis are the record owners of real estate located on the northwest corner of Eaton and Highland Avenues (intersection), 1205 Highland Avenue, Bethlehem, Lehigh County,

---

1. The record reveals that on February 10, 1989, Peter Faleski died, and his widow, Frances Faleski is pursuing the petition.

Pennsylvania (property). From approximately 1964 to 1967, the Department and the City of Bethlehem raised the grade of the abutting road surfaces on both Eaton and Highland Avenues, concurrently constructed Pennsylvania Route 378 (Rt. 378) and, in conjunction thereto, installed a storm water drainage system at the intersection.[2]

The issues presented on appeal are whether Common Pleas erred in determining when the statute of limitations commenced and whether Common Pleas erred in dismissing the Department's preliminary objections without determining whether a de facto taking occurred.

The Faleskis aver that in August of 1982, substantial amounts of water and debris accumulated at the intersection and overflowed onto their property, causing flood damage that was a direct result of both the change in grade and the drainage installation. The Faleskis further aver that on at least three other occasions subsequent to August of 1982, their property sustained similar flooding, which caused severe and permanent damage to their property, thereby depriving them of the quiet use and enjoyment of the property, and thereby

2. The procedure by which the Department condemned property abutting state highways changed when the Eminent Domain Code (Code) was enacted. Act of June 22, 1964, Sp. Sess., P.L. 84, *as amended*, 26 P.S. §§ 1–101–1–903. Prior to that enactment, pursuant to Section 210 of the State Highway Law, Act of June 1, 1945, P.L. 1242, *as amended*, 36 P.S. § 670–210, to change, alter, or establish a state highway, the Department was required simply to file a condemnation plan with the Pennsylvania governor who ultimately had the power to approve or disapprove the plan. Accordingly, in 1963, pursuant to the then Pennsylvania governor's endorsement, the Department condemned a slope easement from the owner of the property in order to provide lateral support to the change in grade of the roads adjacent to the property at the intersection of Eaton and Highland Avenues. At the time of the condemnation, Samuel E. Fishburn (Fishburn) owned the property. By deed dated August 3, 1965, subsequent to Fishburn's death, the Faleskis purchased the property and built their home thereon in 1966. The August 3, 1965 deed stated that the Faleskis, as grantees, were entitled to "[a]ll awards in condemnation, or damages of any kind, to which the Grantors may have become entitled or may hereafter be entitled, by reason of any exercise of the power of eminent domain with respect to, or for the taking of, the premises conveyed hereunder, or any part thereof...."

substantially diminishing the property's value.[3] On July 29, 1988, the Faleskis filed their petition pursuant to Section 612 of the Code, 26 P.S. § 1–612,[4] ultimately seeking compensation in the nature of consequential damages for the flood damage to their property.[5]

On September 22, 1988, the Department filed preliminary objections wherein it averred, inter alia, first, that with respect to a de facto taking claim, the applicable statute of limitations has elapsed; second, that subsequent to 1968 it never deprived the Faleskis of the beneficial use or development of the property; third, that the Faleskis' petition was not sufficiently specific; and fourth, that under Pennsylvania law, because the Faleskis were paid compensation for their partially condemned property, they are now precluded from seeking consequential damages.

On April 3, 1992, Common Pleas entered an order dismissing the Department's preliminary objections. Common Pleas concluded that the six year statute of limitations commenced when the first flooding occurred in August of 1982.[6] The instant appeal followed.

First, the Department argues that because it made full compensation payment to the Faleskis in 1966 and 1967 for the partial condemnation, the six year statute of limitations period elapsed in 1973. After 1973, the Faleskis were preclud-

3. The Faleskis alleged that the last flooding occurred on September 8, 1987.

4. Section 612 of the Code, 26 P.S. § 1–612, provides:

> All condemnors, including the Commonwealth of Pennsylvania, shall be liable for damages to property abutting the area of an improvement resulting from change of grade of a road or highway, permanent interference with access thereto, or injury to surface support, whether or not any property is taken.

5. Review of Common Pleas' April 3, 1992 order reveals that the Faleskis released the City of Bethlehem as a defendant.

6. In Common Pleas' April 3, 1992 order, footnote 1 states that "[i]f [the Faleskis] can establish [the alleged] facts [they] are indeed entitled to recover [their] losses. The only legal issue to be decided is when the six-year statue of limitations begins." Further, Common Pleas' order provides that the parties agreed that a six year statute of limitation period is applicable.

ed from seeking any damages incurred as a result of the condemnation. Second, the Department argues that Common Pleas erred when it failed to determine whether a de facto taking had occurred and simply determined that the statute of limitations commenced when the first flooding occurred in August of 1982. Third, the Department argues that the Faleskis' petition did not offer substantial evidence that would establish a nexus between the Department and the cause of the alleged flood damage; therefore, the Faleskis did not establish a de facto taking claim.

The Faleskis argue that the six year statute of limitations commenced when the first flooding occurred in August of 1982. Therefore, their petition filed on July 29, 1988 was timely. The Faleskis further argue that the Department has failed to establish that it did, in fact, pay compensation to the Faleskis for the condemnation. In conjunction therewith, the Faleskis argue that in the absence of a signed release regarding damages, their action for consequential damages as a result of the flood damage is appropriate.[7] In addition, the Faleskis argue that because the Common Pleas limited its April 3, 1992 determination to the statute of limitations issue, they did not have to present their expert testimony regarding the cause of the alleged flood damage. Finally, the Faleskis argue that the case must be remanded to Common Pleas so that the court can receive additional evidence on the issues of whether a de facto taking occurred and whether consequential damages flow therefrom.

Where Common Pleas has dismissed preliminary objections to a petition for appointment of a board of viewers pursuant to the Code, this Court's scope of review is limited to a determination of whether Common Pleas abused its discre-

7. This Court notes that at Common Pleas' April 3, 1992 hearing, the Department presented a witness, Thomas J. Campion (Campion), who testified that he was responsible for supervising all rights-of-way for highway construction in Lehigh county at the time of the condemnation. Under cross-examination, Campion admitted first, that if there was an agreement between the Department and the property owner regarding compensation for condemnation, his office would have prepared and executed the release and second, that he did not have any knowledge of a signed release in this case.

tion or committed an error of law, leaving to the fact finder the resolution of evidentiary conflicts; the Common Pleas findings will not be disturbed if supported by substantial evidence. *McGaffic v. Redevelopment Authority, City of New Castle,* 120 Pa.Commonwealth Ct. 199, 548 A.2d 653 (1988), *petitions for allowance of appeal denied,* 523 Pa. 644, 565 A.2d 1168, 523 Pa. 645, 565 A.2d 1169 (1989).

■ Common Pleas relied upon *Erie Municipal Airport Authority v. Agostini,* 127 Pa.Commonwealth Ct. 360, 561 A.2d 1281 (1989), *petitions for allowance of appeal denied,* 525 Pa. 586, 575 A.2d 116, 525 Pa. 588, 575 A.2d 118 (1990), to correctly determine that the statute of limitations commenced when the first flooding occurred in August of 1982. In *Erie,* this Court held that a de facto taking occurs, for statute of limitations purposes, "when the activities of the condemnor substantially deprive property owners of the beneficial use and enjoyment of their property." *Id.* 127 Pa.Commonwealth Ct. at 365, 561 A.2d at 1284. In August of 1982, the applicable statute of limitations would have been 42 Pa.C.S. § 5527, which states, in pertinent part:

The following actions and proceedings must be commenced within *six* years:

.  .  .  .  .

(4) A proceeding in inverse condemnation, if property has been injured but no part thereof has been taken, or if the condemnor has made payment in accordance with section 407(a) or (b) (relating to possession and payment of compensation) of the act of June 22, 1964 (Sp.Sess., P.L. 84, No. 6), known as the [Code].

(Emphasis added.)[8]

■ Common Pleas erred, when it dismissed the Department's preliminary objections without first determining whether a de facto taking occurred. This Court has held that

8. There exists ambiguity as to the applicable six year statute of limitations. A brief review of relevant statutory history, therefore, is essential. In 1967, upon completion of the road construction at issue here, Section 524 of the Code, 26 P.S. § 1–524 would have been the applica-

[a] preliminary objection in a de facto taking case serves a broader purpose than the ordinary preliminary objections. The trial court must determine first whether, as a matter of law, the averments of the petition for the appointment of viewers, taken as true, in addition to any stipulated facts, are sufficient to state a cause of action for a de facto taking. . . . If the averments, taken as true, *might* establish a de facto taking, the trial court must take evidence by depositions, or otherwise, *so that a judicial determination might be made.*

(Emphasis in original).[2] Consequently, a trial court may not overrule preliminary objections in a de facto taking case without first conducting an evidentiary hearing to ascertain whether a de facto taking occurred.

---

[2] It is the unique purpose of preliminary objections in a de facto taking case which renders final and appealable a trial court order overruling preliminary objections to a petition for appointment of viewers. *Rawls v. Central Bucks Joint School Building Authority,* 8 Pa.Commonwealth Ct. 491, 303 A.2d 863 (1973).

*Commonwealth v. Mano,* 149 Pa.Commonwealth Ct. 337, 341, 613 A.2d 119, 122 (1992) (quoting *Stein v. City of Philadelphia,* 125 Pa.Commonwealth Ct. 225, 230, 557 A.2d 1137, 1140 (1989)).

ble six year statute of limitations. 26 P.S. § 1–524 was repealed by the Act of April 28, 1978, P.L. 202, and was effectively re-enacted by the Act of July 9, 1976, P.L. 586, 42 Pa.C.S. § 5527(4). In August of 1982, when the first flooding occurred, 42 Pa.C.S. § 5527(4) would have been the applicable six year statute of limitations. For further edification, 42 Pa.C.S. § 5527(4) was deleted from the Judicial Code by the Act of December 20, 1982, P.L. 1409, which also enacted 42 Pa.C.S. § 5526(4), wherein the statute of limitations for proceedings in inverse condemnation was changed from six years to five years, and which provided that the amended 42 Pa.C.S. § 5527 would apply to causes of action accruing after February 18, 1983.

In accordance with its contention that the statute of limitations commenced in 1967 when the road construction was completed, the Department cites 26 P.S. § 1–524 as the applicable six year statute of limitations; in accordance with their contention that the statute of limitations commenced when the first flooding occurred in August of 1982, the Faleskis cite 42 Pa.C.S. § 5527(4) as the applicable six year statute of limitations. In any event, as denoted in Common Pleas' April 3, 1992 order, the parties have stipulated that a six year statute of limitations is applicable.

Accordingly, we affirm in part, insofar as Common Pleas correctly determined that the Faleskis' petition is not precluded by the six year statute of limitations and that the statute of limitations commenced when the first flooding occurred, in August of 1982; we reverse in part, insofar as Common Pleas did not determine whether a de facto taking occurred, before it dismissed the Department's preliminary objections; we remand for further proceedings to ascertain whether a de facto taking occurred such that the Faleskis may recover consequential damages under Section 612 of the Code, 26 P.S. § 1–612.

## ORDER

AND NOW, this 9th day of November, 1993, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is reversed insofar as Common Pleas did not determine whether a de facto taking occurred before dismissing preliminary objections. We remand for further proceedings to ascertain whether a de facto taking occurred. We affirm the Common Pleas decision in all other respects.

Jurisdiction relinquished.

This case was argued before a panel consisting of President Judge CRAIG, Judge COLINS and Senior Judge WRIGHT. Because of Senior Judge WRIGHT'S untimely death, the briefs have been submitted to Senior Judge SILVESTRI for his consideration as a member of the panel.