**IN RE PROPERTY SITUATE ALONG PINE ROAD IN EARL TOWNSHIP owned by Walter C. Krauss and Catherine J. Krauss, as Trustees under the Walter C. Krauss Trust and Catherine J. Krauss Trust.**

**The Borough of Boyertown, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 20, 1999.

Decided Oct. 19, 1999.

Christopher J. Hartman, Reading, for appellant.

Michael P. Giles, Reading, for appellee.

Before DOYLE, President Judge, SMITH, J., and NARICK, Senior Judge.

DOYLE, President Judge.

This is an inverse condemnation case. Specifically, it is an appeal from an order of the Court of Common Pleas of Berks County which overruled the preliminary objections of the Borough of Boyertown (Boyertown) filed in response to a petition alleging a de facto taking filed by Walter C. Krauss and Catherine J. Krauss (Appellees) pursuant to Section 502(e) of the

Pennsylvania Eminent Domain Code (Code).[1] The case previously had been argued before a panel of this Court in September of 1992 and had been remanded to the Court of Common Pleas to conduct an evidentiary hearing to determine whether there was sufficient evidence to support Boyertown's preliminary objections. *Appeal of Krauss*, 151 Pa.Cmwlth. 619, 618 A.2d 1070 (1992) (*Krauss I*).

The essential facts are as follows. The subject property, owned by the Krausses, is located within Earl Township, which is a municipality contiguous to the Borough of Boyertown. The Borough owns and operates, through a public water authority, a public water supply system which it purchased in April of 1902 from the Boyertown Water Company, a **private** water company. The sale of assets in 1902 was evidenced by a recorded deed which describes the property transferred to the Borough as follows: "all the water works, machinery, buildings, cisterns ... pipes, conduits, rights, privileges, franchises, real, personal and mixed estates" of the Boyertown Water Company. (Deed of sale to Boyertown, Boyertown's Brief at 5, Reproduced Record (R.R.) at 199a.) The critical fact, as found by the trial court on remand, is that the Boyertown Water Company had installed pipes across the Krauss' property sometime during the period between 1897 and 1902, **prior to** the sale of the property to the Borough.

In 1964, Mr. and Mrs. Krauss, the Appellees, acquired the subject property and, according to the averments of their petition, subdivided a portion of it some five years later. They also entered into an oral lease for one of the lots in the subdivision. The Township issued the necessary permits to locate a mobile home on the lot at issue in this appeal during November of 1989. However, on January 10, 1990, the Township's sewage enforcement officer ordered the Appellees to desist development on this lot pending a determination of the location of Boyertown's pipeline. Thereafter, on March 7, 1990, Boyertown notified the Appellees that the mobile home that had been placed on the lot was directly above a pipe in their water line and ordered the Appellees to remove the mobile home in order to comply with the regulations of the Pennsylvania Department of Environmental Protection (DEP). The Appellees' petition for appointment of viewers alleges that, as a result of this order, the lessee of the lot removed her mobile home and terminated the lease. The petition further alleges that the Appellees were unable to develop their subdivision as recorded because of the presence of the pipeline, which was not known to them when they acquired the property or when they recorded their subdivision plan, because no easement, right-of-way or declaration of taking had been recorded for the pipeline. They, therefore, filed their petition for a de facto taking.

On remand from this Court, the trial court conducted an evidentiary hearing on November 10, 1998, and reached the legal conclusion that there had been a de facto taking of Appellees' property by Boyertown; accordingly, the trial court dismissed Boyertown's preliminary objections. It is from this decision that Boyertown appeals.

■ On appeal,[2] Boyertown contends that the trial court committed reversible error in dismissing its preliminary objections because Appellees failed to state a cause of action for a de facto taking, pursuant to the Code.

■ In eminent domain proceedings, a court confronted with a petition for appointment of viewers alleging a de facto

---

1. Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. § 1–502(e).

2. Our review in a case where the trial court has dismissed preliminary objections to a petition for an appointment of viewers is limited

to a determination of whether the trial court abused its discretion or committed an error of law. *Faleski v. Department of Transportation,* 159 Pa.Cmwlth. 548, 633 A.2d 1308 (1993).

taking to which preliminary objections are filed must first decide whether, as a matter of law, the averments of the petition, taken as true, are sufficient to state a cause of action. If the averments, as pled, might establish a de facto taking, the trial court may then accept evidence, by deposition or otherwise, so that a judicial determination can be made. *Borough of Barnesboro v. Pawlowski*, 100 Pa.Cmwlth. 94, 514 A.2d 268 (1986); *Harborcreek Township v. Ring*, 48 Pa.Cmwlth. 542, 410 A.2d 917 (1980).

 We begin our analysis with the well-established principle that a de facto taking occurs when an entity, clothed with the power of eminent domain, exercises that power causing damages to the property owner which are the immediate, necessary and unavoidable consequences of that exercise. *Harborcreek Township*. To find a de facto taking, there must be exceptional circumstances which have substantially deprived the property owner of the use and enjoyment of his or her property. *Jacobs Appeal*, 55 Pa.Cmwlth. 142, 423 A.2d 442 (1980), *petition for allowance of appeal dismissed*, 499 Pa. 337, 453 A.2d 336 (1982). The property owner in a de facto taking, pursuant to the Eminent Domain Code, is under a heavy burden to establish that such a taking has occurred, *Zettlemoyer v. Transcontinental Gas Pipeline Corp.*, 540 Pa. 337, 657 A.2d 920 (1995), and each case must be examined on its own factual situation. *McGaffic v. Redevelopment Authority of City of New Castle*, 120 Pa.Cmwlth. 199, 548 A.2d 653 (1988), *petition for allowance of appeal denied*, 523 Pa. 644, 565 A.2d 1168 (1989).

Here, Boyertown purchased all of the assets of a **private water company** in April 1902, and it is undisputed that the water main at issue in this appeal was installed by the private water company sometime **before** April 1902. Appellees contend that they were unaware of the presence of this improvement on their property until March of 1990 when they were notified to remove the mobile home on the surface of the ground over the water main. Appellees produced evidence at the November 10, 1998 evidentiary hearing that they live in Earl Township, adjacent to Boyertown and would not normally be expected to review the records of an adjacent municipality when seeking to make improvements to their property, such as the subdivision here. Appellees also presented evidence that the only site on the subdivided lot to successfully meet the sewer percolation requirements was the site where the trailer was located, *i.e.*, over Boyertown's water pipe.[3]

In a second letter to Appellees, dated March 7, 1990, Boyertown stated that Appellees would be required to move the trailer no less than 50 feet from the pipe and they would be required, pursuant to DEP regulations, to relocate the septic system no less than 100 feet from Boyertown's water main. Boyertown presented evidence at the November 10, 1998 hearing that the water main at issue, at the time of the hearing, was supplying approximately 62 gallons of water per minute for Boyertown's residential water needs.

The first issue raised by Boyertown is that Appellees failed to establish that there was an actual taking of their property under the power of eminent domain. We are compelled to agree.

 Appellees' sole witness at the November 10, 1998 evidentiary hearing, Mrs. Krauss, testified that Boyertown never en-

---

**3.** Appellees' only witness at the evidentiary hearing, Mrs. Krauss, stated:

[Appellees' attorney] Mrs. Krauss, after you received the letter from the Borough, did you attempt to perc another location on that property?

[Mrs. Krauss] There were percs on other locations.

. . .

[Appellees' attorney] What were the results of those tests?

[Mrs. Krauss] They were negative. It [the site located above Boyertown's water main] was the only good perc.

(Notes of Testimony at 69; Reproduced Record at 148a.)

tered onto her property to install, maintain or inspect the water main. She also testified that she had no knowledge that the water main was located on her property, and, further, that the previous owner never indicated that there was a water main on the property. It is Appellees' argument that this *lack of knowledge* on the part of the current and former property owners, along with statements by Mrs. Krauss that neither her family nor the previous land owners had received compensation for the placement of the water main on the property, establishes that Appellees are entitled to compensation from Boyertown for a de facto taking, pursuant to the Code. By this reasoning, however, Appellees, in effect, "put the rabbit in the hat," because this argument **presumes** that the entity which placed the water main on the property did so under the authority of the Code. It is undisputed, however, that neither the Borough of Boyertown nor its municipal authority ever condemned the Appellees' property under their power of eminent domain after 1902. Furthermore, Appellees absolutely failed to establish, first, that the Boyertown Water Company, the private water company, had the authority under the Code to condemn property for a public purpose, **and**, second, that it exercised that authority when, and if, it installed the pipe line on their property prior to 1902.

■ As this Court stated in *Palm Corp. v. Department of Transportation*, 688 A.2d 251 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 548 Pa. 641, 694 A.2d 625 (1997):

 where an actual intrusion is alleged to be a de facto taking and is the result of action of an independent party, the landowner has the burden of proving that the alleged condemnor either authorized or directed the independent party's actions.... If not authorized, the injury is not the immediate and unavoidable result of a public project and is thus, not compensable in eminent domain.

*Id.* at 255 (citations omitted). Here, the record is clear that the water main was installed sometime prior to April 1902, **before** Boyertown, the municipal authority, purchased the assets, including the infrastructure, from Boyertown Water Company. Because Boyertown Water Company was a private company and was not owned by the Borough of Boyertown when the water main was installed, and because there was no evidence introduced that the water main was installed on the property pursuant to the powers of eminent domain, rather than by an easement by purchase or by prescription, we conclude, as a matter of law, that the Appellees have failed to overcome their burden to establish a taking of their property by Boyertown.

■ Boyertown also argues that Appellees failed to meet their burden of proving a de facto taking. Again, we have to agree. Appellees argue that, because Boyertown was unable to produce any records of payment to Appellees, or their predecessor-in-title to the property, by the **private water company**, before its purchase by Boyertown, then no payment was ever made. Appellees then conclude, based upon this negative statement implication and the legal presumption which follows, that a de facto taking *has* occurred.

■ However, we must agree with Boyertown's argument that Appellees' analysis is legally in error. It is settled beyond dispute in this Commonwealth that the party defending in an action is not required to prove a negative in order to prevail. *See Commercial Credit Claims v. W.C.A.B. (Lancaster)*, 556 Pa. 325, 728 A.2d 902 (1999), *Com. v. Ervin*, 456 Pa.Super. 782, 691 A.2d 966, *petition for allowance of appeal denied*, 549 Pa. 696, 700 A.2d 438 (1997); *Com. v. Mercadante*, 676 A.2d 1309 (Pa.Cmwlth.1996). And, this long-standing presumption has not been altered by the Supreme Court's adoption of the Pennsylvania Rules of Evidence on May 8, 1998. *See* Pa.R.E. 301.

Order reversed.

## *ORDER*

NOW, October 19, 1999, the order of the Court of Common Pleas of Berks County in the above-captioned matter is hereby reversed.